Mary Elizabeth WAITES, Relator,

v.

Ruby SONDOCK, Judge, et al.,
Respondents.

No. B–6611.

Supreme Court of Texas.

June 20, 1977.

Cooper & George, Gordon R. Cooper, II, Houston, for relator.

Craig Washington, Houston, for respondents.

YARBROUGH, Justice.

This is an original mandamus action in which relator, Mary Elizabeth Waites, seeks issuance of the writ to compel Judge Ruby Sondock, judge of the court of domestic relations in Harris County, to set aside an order granting a legislative continuance and to proceed to trial.

The continuance was granted in a contempt proceeding filed by Ms. Waites (the mother) to compel her former husband, Ronald Edward Waites (the father), to comply with a child support order. The support payments were ordered in a March 10, 1971, divorce decree, which required the father to pay $100.00 per month to the mother for support of their minor daughter. In her motion for contempt the mother claimed that the father was $4,600.00 in arrears in these payments. The court set the motion for hearing, but on December 9, 1976, the matter was reset for January 13, 1977, apparently on the father's motion. In the meantime, the Honorable Craig A. Washington, a member of the Texas House of Representatives became the attorney for the father. On January 13, 1977, Representative Washington filed an Affidavit and Motion for Legislative Continuance in which he requested that the contempt action be continued pursuant to Tex.Rev.Civ. Stat.Ann. art. 2168a (Supp.1976), until at least thirty days after May 31, 1977, the closing date for the Regular Session of the Sixty-fifth Legislature.

In her motion opposing the continuance, the mother stated that she was in "dire need of support payments," that the father had made no payments since May 28, 1975, and that over her physician's objec-

tions she had been forced to take a second job in order to support her daughter. Upon the basis of a sworn motion, Judge Sondock granted the legislative continuance without hearing any evidence in support of these allegations. On March 7, 1977, the mother filed her Motion for Leave to File Petition for Mandamus. We granted leave to file in order that we might consider the constitutional question that we reserved in *Government Services Insurance Underwriters v. Jones*, 368 S.W.2d 560 (Tex.1963), and in *Schwartz v. Jefferson*, 520 S.W.2d 881 (Tex. 1975): whether the legislature constitutionally may require mandatory continuances of causes or suits involving legislators when the party opposing the continuance or a person in their charge faces irreparable harm from the delay in enforcing existing rights.[1] We now hold that mandatory continuances under such circumstances violate the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, sections 13 and 19 of the Texas Constitution.

Article 2168a provides:

In all suits, either civil or criminal, or in matters of probate, pending in any court of this State, and in all matters ancillary to such suits which require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders, at any time within thirty (30) days of a date when the Legislature is to be in Session, or at any time the Legislature is in Session, or when the Legislature sits as a Constitutional Convention, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a Member of either branch of the Legislature, and will be or is in actual attendance on a Session of the same. If the member of the Legislature is an attorney for a party to such cause, his affidavit shall contain a declaration that it is his intention to participate actively in the preparation and/or presentation of the case. Where a party to any cause or an attorney for any party to such cause is a Member of the Legislature, his affidavit need not be corroborated. On the filing of such affidavit, the court shall continue the cause until thirty (30) days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged against the party receiving such continuance upon any subsequent application for continuance. It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary.

1. In *Schwartz v. Jefferson* we said:

Neither [*Mora v. Ferguson*, 145 Tex. 498, 199 S.W.2d 759 (1947), nor *Government Services Insurance Underwriters v. Jones*, 368 S.W.2d 560 (Tex.1963)] involved any delay or interference with the inherent power of a court to enforce its final judgments. Furthermore, in the latter case this Court specifically noted that the application of Article 2168a was not challenged as denying due process or equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States or Article I, Secs. 13 and 19 of the Texas Constitution. This *caveat* is significant in that both the Court and Legislature have apparently recognized that the act has not yet been subjected to constitutional tests which might arise under fact situations where a mandatory continuance would itself cause a deprivation of existing rights or emergency provisional remedies.

520 S.W.2d at 886. The contempt action in the present case is distinguishable from that in the *Schwartz* case because the motion for contempt in *Schwartz* sought additional relief in the form of penalties and punishment for the relator's failure to vacate a house as ordered in a final judgment. The continuance of the contempt action there did not deprive Mr. Franzheim of any property rights that had been vested by the judgment, nor did it deprive Judge Jefferson of other means of enforcing the judgment. There was no constitutional impediment to the continuance in the contempt proceeding because there was no showing that it was necessary to enforce the judgment. In the present case the mother does not seek punishment or penalties, but rather to enforce an order of the court. She has alleged that she is being deprived of property rights adjudged to her on behalf of her child in a final divorce decree.

Notwithstanding the foregoing, the right to such continuance, where such continuance is based upon an attorney in such cause being a member of the Legislature, shall be discretionary with the Court in the following situations and under the following circumstances, and none other, to wit:

(1) Where such attorney was employed within 10 days of the date such suit is set for trial.

Article 2168a represents a legislative determination that the interests of the people of the State will best be served by the attendance of legislator-attorneys at legislative sessions. We have held in the past that article 2168a promotes the public welfare by relieving legislators of the burden of choosing between serving in the legislature and appearing as a party or as an attorney in a pending suit during such sessions. *Government Services Insurance Underwriters v. Jones, supra; Mora v. Ferguson,* 145 Tex. 498, 199 S.W.2d 759 (1947). By couching article 2168a in mandatory terms, the legislature, in effect, has decreed that the public policy behind that statute shall always take precedence over whatever the needs of individual litigants for access to the adjudicative power of courts. Since postponing adjudication of a dispute generally will not give rise to any injury over and above the inconvenience associated with delay, the legislature could have reasonably concluded that in the ordinary case the policy behind article 2168a would outweigh an individual's need for access. Article 2168a, however, makes no provision for those cases in which delay will cause an injury that cannot be remedied later, an injury over and above the common inconvenience of delay, an injury that can only be prevented by immediate access to the court. The legislature has created an irrebuttable presumption that the policy behind article

2168a is entitled to prevail in all cases, except temporary restraining orders.

Article I, section 13 of the Texas Constitution provides:

. . . All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

This provision prohibits "legislative bodies from arbitrarily withdrawing all legal remedies from one having a cause of action well established and well defined in the common law". *Lebohm v. City of Galveston,* 154 Tex. 192, 197, 275 S.W.2d 951, 954 (1955). In *Lebohm* this court went on to say:

[L]egislative action withdrawing common-law remedies for well established common-law causes of action for injuries to one's "lands, goods, person or reputation" is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare. Legislative action of this type is not sustained when it is arbitrary or unreasonable.

154 Tex. at 199, 275 S.W.2d at 955.

■ Article 2168a effectively withdraws the common law remedy of litigants who, in emergency situations, seek to enforce court decrees and obtain other relief other than by a temporary restraining order.[2] Although article 2168a appears on its face merely to *postpone* pending suits and matters ancillary thereto, in the present case the delay in enforcement caused by the legislative continuance allegedly inflicts harm that is not susceptible to remedy at a later date. The mother here claims that the support payments are critical to her ability to feed and support her children. The trial court, after the expiration of the continuance, may force the father to pay

---

2. A temporary restraining order would not help the mother here. Until the enactment of the Family Code, the parent awarded custody of the child by a divorce decree had only one remedy for delinquent child support payments, citation for contempt of court. Under the Family Code the party having custody now has the additional remedy of reducing unpaid install-

ments to judgment. Tex.Family Code Ann. § 14.09(c) (1975). However, these are the sole procedures available to the mother to enforce the support order. Either of these remedies has all of the elements of a separate suit and thus would be subject to a mandatory legislative continuance under a literal reading of article 2168a. *Schwartz v. Jefferson, supra* at 885.

any overdue sums, but these payments will not compensate the child for any injury resulting from the mother's *present* inability to care for the child.[3] The legislative basis for withdrawing the mother's remedy—the presumption that the policy behind article 2168a outweighs a litigant's right of redress—is arbitrary and unreasonable when, in situations such as this, a party allegedly faces irreparable injury from inaction. *Clem v. Evans,* 291 S.W. 871 (Tex. Com.App.1927, holding approved); *see also Cleveland Board of Educaton v. LaFleur,* 414 U.S. 632, 644, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973).

The courts of other states also have rejected arguments that legislative continuance statutes are mandatory in situations of emergency or irreparable harm. In *A.B.C. Business Forms, Inc. v. Spaet,* 201 So.2d 890 (Fla.1967), the trial judge granted a legislative continuance because he felt the statute left him with no discretion to do otherwise in spite of the showing of irreparable harm by the party opposing the continuance. The Florida Supreme Court, in ordering the trial court to hold a hearing, stated:

> [T]he courts should support the legislative attempt to assure the presence of its membership unless the legislative enactment is a clear invasion of the judicial field. Generally, in non-emergency cases [the statute providing for legislative continuances] is constitutional and should be liberally construed. But, as to litigation involving emergency relief and irreparable damage, we find the statute an invasion of the judicial field and violative of constitutional prohibition. . . . As a right guaranteed by the Constitution, the courts must be open to every person for relief against injury. Whether, in a given cause, the litigant may suffer irrepa-

rable injury in the application of the statute is one of sound judicial discretion, not subject to legislative control.

201 So.2d at 892.

In *Thurmond v. Superior Court,* 66 Cal.2d 836, 59 Cal.Rptr. 273, 427 P.2d 985 (1967), a legislative continuance had been granted in an action against the father of an unborn child for support, maintenance, and medical expenses necessary for the child during pendency of a paternity suit. The trial court viewed the legislative continuance statute as mandatory and therefore granted the continuance without holding a hearing on allegations of irreparable harm made by the guardian of the unborn child. The California Supreme Court issued a writ of mandamus ordering the trial court to hold a hearing on the motion for continuance because the Supreme Court construed the statute as directory only. The basis of this decision was the inherent power of the court to control the order of its business to safeguard the rights of litigants. The court stated:

> The guardian in the present case points out that the right of the mother and child to apply for relief pendente lite will be materially impaired and perhaps destroyed by the imposition of any substantial continuance; neither the birth of the child nor its need for care and support can be postponed. A similar result could follow in other cases in which a party has a right to invoke a provisional remedy, such as pendente lite support in domestic relations controversies, attachment and sale of perishable goods, receivership of a failing business, and temporary restraining orders or preliminary injunctions. . . . Situations other than those involving provisional remedies may also arise in which a substantial existing right would be defeated or abridged by extended continuances.

> Although delay in suits such as those for child support payments gives rise to a near-presumption of irreparable harm, the situation may arise in which the unavailability of support payments for an extended period of time would not do more than inconvenience the parent seeking to recover the payments, and thus would not constitute an emergency.

---

3. In *Gunn v. Cavanaugh,* 391 S.W.2d 723, 726–27 (Tex.1965), we stated:

> A child cannot be likened to a chattel that may be stored in a warehouse for preservation and safe-keeping. He is one of the most fragile and easily damaged of all living creatures. His requirements must be met with dispatch if he is to survive or escape serious damage . . . ..

We are convinced that such a result, with the serious constitutional questions which would ensue, was not intended by the Legislature, and that the statutory provisions here involved are to be applied subject to the discretion of the court as to whether or not its process and order of business should be delayed. . . .

Among the factors to be considered by the court will be the nature and urgency of the rights involved . . ..

66 Cal.2d at 839–40, 59 Cal.Rptr. at 275, 427 P.2d at 987.

We agree with the conclusions of these courts insofar as their decisions deal with the constitutionality of mandatory legislative continuances when the non-moving party faces irreparable harm.[4] At the same time we reiterate the limited nature of our holding: a legislative continuance is mandatory except in those cases in which the party opposing the continuance alleges that a substantial existing right will be defeated or abridged by delay. In cases of this type the trial court has a duty to conduct a hearing on the allegations. If the allegations are shown to be meritorious the court should deny the continuance.

Accordingly, relator's petition for writ of mandamus is conditionally granted. We assume that Judge Sondock or her successor[5] will set aside her order and proceed to trial, including any pretrial hearings or proceedings, to determine the validity of the mother's allegations. A writ will issue only if the judge of the court of domestic relations fails to do so.

---

4. See also the caveat of the Michigan Supreme Court in Bishop v. Montante, 395 Mich. 672, 677, 237 N.W.2d 465, 467 (1976):

This Court is mindful that unreasonably long periods of immunity could, in a hypothetical case not before us, amount to a denial of due process, particularly if the legislator were an essential party to the litigation. The need of a wife for a judgment of divorce or of a child for a decree of support may compel a legislator's participation in the judicial proc-

ess. It is conceivable that immunity unreasonably extended could result in a loss of a cause of action without a judicial tempering of the privilege, such as a rule tolling the statute of limitations during the period of inability to pursue process.

5. Judge Sondock was appointed to the district court bench after the continuance in question was granted.