## HARRIS DATA COMMUNICATIONS, INC., Relator,

v.

## Honorable Jerry A. DELLANA, Respondent.

### No. 14264.

Court of Appeals of Texas, Austin.

Nov. 7, 1984.

Rehearing Denied Dec. 5, 1984.

Raymond E. LaDriere, II, Rain, Harrell, Emery, Young & Doke, Dallas, for relator.

Braden W. Sparks, Newman, Shook & McManemin, Dallas, for party in interest, Insurance Company of America.

Before SHANNON, KEITH * and BRADY, JJ.

BRADY, Justice.

This is an original mandamus proceeding instituted by Harris Data Communications, Inc., Relator, against Respondent, the Honorable Jerry A. Dellana, Judge of the 98th Judicial District Court of Travis County. Relator seeks an order requiring Judge

---

* Keith, retired, Justice, Ninth Court of Appeals, sitting by assignment. See Art. 1812, as amended]

Dellana to vacate his ruling of June 27, 1984, in Cause No. 330,294, pending in that court, styled *Insurance Company of America v. Harris Data Communications, Inc.,* which ordered Data Communications to produce what has been termed a "Critical Accounts Report." Harris Data claims they have a privilege and exemption from Tex.R.Civ.P. 166b(3)(d) and has requested that this Court vacate the trial judge's order allowing discovery. We will deny the petition for writ of mandamus.

Underlying this original proceeding is a damage suit based on alleged fraudulent misrepresentations by Richard Wilson, a Harris Data computer salesperson, to the representatives of Insurance Company of America, hereinafter called ICA, in connection with the insurance firm's lease of a computer system. After leasing the system, ICA apparently experienced problems with its performance, and on July 2, 1981, wrote a formal letter of complaint to Harris Data allegedly listing some five misrepresentations made to them by Wilson. A few days later, Wilson wrote what has been called a "Critical Accounts Report" to one of the marketing divisions of his company, sending it to his superiors in the company. It was not sent or addressed to legal counsel. The parties disagree as to the facts surrounding the drafting of the "Critical Accounts Report." Relator contends that after receiving ICA's letter of complaint, Wilson prepared the report informing his superiors of the claim and "anticipated litigation." Neither the letter nor the report were included in the record. Although relator argues that this was a "demand" letter, this Court has no way of determining this fact.

Relator contends that the report is a communication between representatives of a party regarding an investigation of ICA's claims and is therefore protected from discovery under the proviso in Rule 166b(3)(d), which provides:

(A) any communication passing between agents or representatives or the employees of any party ... where made subsequent to the occurrence or transaction

upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen. . . .

Relator's proof showed that the "Critical Accounts Report" was:

(1) a communication between representatives or employees of a party;

(2) was made subsequent to the occurrence or transaction on which the suit is based;

■ Relator's proof is, however, inadequate to show that the "Critical Accounts Report" was made in connection with the investigation or defense of a claim, or investigation of the occurrence or transaction out of which the claim arose.

Relator asserts that the insurance company delivered to Wilson a demand letter directed at Harris. That letter supposedly accused Harris of false and misleading practices and specified the insurance company's claims. However, there is nothing in the limited record to support those assertions; certainly, the exhibits to the petition for mandamus do not contain a copy of such a letter. There is no other proof as to the contents of the letter. The *only* support for these assertions is found in the veiled reference in the one and one-half page excerpt of testimony of Thomas Eugene Meyer.

Accordingly, this Court may not properly conclude that the "Critical Accounts Report" was made in connection with the investigation of a transaction out of which the claim arose.

■ In determining if a writ of mandamus should be issued, it is well settled that it will not issue unless a *clear* abuse of discretion is shown. *West v. Solito,* 563 S.W.2d 240 (Tex.1978); *Crane v. Tunks,* 328 S.W.2d 434 (Tex.1959).

Since we have nothing in the record to support Relator's arguments that the report in question was prepared in connection with a possible legal defense of a claim, we cannot say that the trial court clearly

abused its discretion in allowing discovery of this report.