**GROUP HOSPITAL SERVICE, INC.,
d/b/a Blue Cross and Blue Shield
of Texas, Inc., Relator,**

v.

**The Honorable Jerry DELLANA, Judge
of the 167th Judicial District Court of
Travis County, Texas, Respondent.**

No. 14568.

Court of Appeals of Texas,
Austin.

Dec. 11, 1985.

Rehearing Denied Jan. 8, 1986.

Michael G. Mullen, Austin, for relator.

Joe K. Longley, Austin, for respondent.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

PER CURIAM.

Relator, Group Hospital Service, Inc., d/b/a Blue Cross and Blue Shield of Texas, Inc., filed a motion for leave to file petition for writ of mandamus and tendered the petition pursuant to Tex.Gov.Code § 22.-221(b). *See* 1985 Tex.Sess. Law Serv., ch. 480, § 1, at 3386. This Court subsequently granted the motion for leave to file the writ of mandamus.

Relator seeks the recission of an order of the district court of Travis County compelling production of two documents. Topsey Green, as executor of the estate of Mary D. Green, filed suit against relator to recover actual and exemplary damages allegedly arising from relator's failure and refusal to pay a claim for reimbursement of payments for services rendered Mary D. Green. In response to Green's request for production of documents, relator filed its request for an *in camera* inspection of three documents for which relator claimed an exemption from discovery pursuant to Tex.R.Civ.P.Ann. 166b(3)(d) (Supp.1985) and a privilege pursuant to Tex.R.Evid. Ann. 503 (Supp.1985). On August 5, 1985, the district court ordered relator to produce the three documents tendered for an *in camera* review. Subsequently, relator delivered one of the documents and orally requested a stay of the August 5 order as to the remaining two documents pending this Court's determination of relator's mandamus application. In its order entered September 19, 1985, the district court stayed the order as to the remaining two documents until this Court overruled relator's motion for leave to file or denied relator's writ of mandamus. We will conditionally grant the writ of mandamus.

Relator argues that the documents are not subject to discovery pursuant to Rule 166b(3)(d) which provides:

3. Exemptions. The following matters are not discoverable . . .

d. with the exception of discoverable communications prepared by or for experts, any communication passing between agents or representatives or the employees of any party to the action or

communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen; . . . .

A party invoking this exemption from discovery must establish three elements: (1) the documents sought to be discovered are communications between or among a party or its agents, representatives or employees; (2) the communications were made subsequent to the event upon which suit is based; and (3) the communications were made in connection with the prosecution, investigation or defense of the claim or the investigation of the circumstances out of which the claim arises. *Allen v. Humphreys,* 559 S.W.2d 798, 802 (Tex.1977); *State v. Clark,* 695 S.W.2d 673 (Tex.App. 1985, orig. mand. proceeding).

■ In the request for production of documents, Green sought documents relevant to Mary D. Green's claim for reimbursement and to relator's decision to pay or not to pay the claim. The two documents which relator seeks to protect were tendered to this Court for an *in camera* inspection and are part of the record before the Court. It is evident on the face of these documents that they are communications between one of relator's staff attorneys and one of relator's staff physicians, that the communications were made subsequent to the date on which relator denied Mary D. Green's claim for reimbursement and that the communications were made in connection with the investigation of the transaction or occurrence from which the suit arose. The two documents for which relator seeks protection are clearly within the proviso of Rule 166b(3)(d). *Maryland American General Ins. Co. v. Blackmon,* 639 S.W.2d 455 (Tex.1982).

Respondent opposes the writ of mandamus on the basis that there is no record on which this Court can determine whether relator's arguments have any validity in reliance on *Harris Data Communications, Inc. v. Dellana,* 680 S.W.2d 641 (Tex.App. 1984, orig. mand. proceeding). In *Harris Communications,* the report which relator sought to protect and a letter relevant to the claim of exemption were not before this Court. This Court concluded that the relator's proof was inadequate to show that the documents were within the Rule 166b(3)(d) exemption. In the instant cause, relator has filed a copy of the orders complained of and the relevant pleadings and documents pursuant to Tex.R.Civ.P.Ann. 383(1)(b)(4) (1985). As indicated previously, this record is a sufficient basis for our determination that the documents are exempt under Rule 166b(3)(d). Furthermore, it is clear that relator complied with the procedures set out in *Peeples v. Fourth Supreme Judicial District,* 29 Tex.Sup.Ct.J. 13 (Oct. 16, 1985). *See also Giffin v. Smith,* 688 S.W.2d 112 (Tex.1985).

Because we conclude that the two documents are exempt from discovery under Rule 166b(3)(d), the Court need not address relator's contention that the documents are privileged under Rule of Evidence 503, the lawyer-client privilege.

We conclude that the district court's order compelling production of the two documents tendered to this Court was a clear abuse of discretion. The district court should set aside those portions of its orders of August 5, 1985, and September 19, 1985, which pertain to and order production of these documents. This Court assumes that Judge Dellana will comply promptly; if he fails to do so, a writ of mandamus will issue.