Lisa Carole LAMBERT, Relator,

v.

Hon. Andrew Z. BAKER, Respondent.

No. C14–85–981–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1986.

Carol Prater, Temple, for relator.

Susan Baker Olsen, Andrew Allen, Galveston, for respondent.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

PER CURIAM.

On December 30, 1985, relator filed a motion for leave to file petition for writ of mandamus requesting this Court to order the trial court to set aside an order signed December 3, 1985, denying relator's motion to transfer Cause Number 83 FD 0740 from the 306th District Court, Galveston County to Bell County. Relator claims the child subject of the suit had lived with relator in Bell County for more than six months before the filing of motion to modify in suit affecting the parent-child relationship by the real party in interest, the child's father. Relator further claims the trial court's denial of the motion to transfer violates the mandatory provisions of Section 11.06 Texas Family Code, and is properly subject to mandamus. TEX.R.CIV.P. 383; TEX.GOV'T CODE ANN. § 22.221. We disagree.

■ Accompanying relator's motion for leave to file is the statement of facts of the May 22, 1985 hearing on relator's motion to transfer. The statement of facts contains conflicting evidence on whether the child lived in Galveston County or Bell County during the time material to the motion to modify and relator's motion to transfer.

The record shows one of the reasons for the trial court's denial of the motion to transfer was the disputed issue of the child's residence.

■ Mandamus is an extraordinary writ which issues to require the execution of a matter whose merit is beyond dispute. The petitioner must have a clear legal right to performance of the act he seeks to compel. If the facts on which his right depends are doubtful or disputed, the Court will not grant a writ of mandamus. *Cobra Oil & Gas Corp. v. Sadler,* 447 S.W.2d 887 (Tex.1969); *Dikeman v. Snell,* 490 S.W.2d 183 (Tex.1973); *Jessen Associates, Inc. v. Bullock,* 531 S.W.2d 593 (Tex.1975); *City of Houston v. Albright,* 666 S.W.2d 279 (Tex. App.—Houston [14th Dist.]), *writ ref'd n.r.e. per curiam,* 677 S.W.2d 487 (Tex. 1984).

This record shows no basis for issuance of mandamus. Therefore, there is no basis on which to grant the motion for leave to file the petition for writ of mandamus.

Motion for leave to file petition for writ of mandamus is denied.