ALTA ENTERPRISES, INC., et al., Relators,

v.

The Honorable Harley CLARK, Respondent.

No. 3–87–075–CV.

Court of Appeals of Texas, Austin.

May 20, 1987.

Senator O.H. "Ike" Harris, Dallas, Joe Grady Tuck, Austin, for relators.

Mary Schaerdel Canfield, Geoffrey D. Weisbart, Jenkens & Gilchrist, Austin, for real party-in-interest, Texana Nat. Bank of Belton.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Relators, Alta Enterprises, Inc., Ben Barnes, John B. Connally and Joe A. McDermott, filed a motion for leave to file petition for writ of mandamus and tendered their petition, pursuant to Tex.Gov't Code Ann. § 22.221 (Supp.1987) and Tex.R. App.P.Ann. 121 (Supp.1987). This Court granted the motion for leave to file and set the cause for submission on oral argument. By their petition, relators seek a writ of mandamus to compel respondent, the Honorable Harley Clark, to set aside the order denying relators' motion for continuance and to grant a continuance pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 30.003 (1986) and Tex.R.Civ.P.Ann. 254 (Supp. 1987). We will deny the petition for mandamus.

Section 30.003, legislative continuance, provides:

(a) This section applies to any criminal or civil suit, including matters of probate, and to any matters ancillary to the suit that require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders.

(b) Except as provided by Subsection (c), at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention, the court on application shall continue a case in which a party applying for the continuance or the attorney for the party is a member of the legislature and will be or is attending a legislative session. The court shall continue the case until 30 days after the date on which the legislature adjourns.

(c) If the attorney for a party to the case is a member of the legislature who was employed within 10 days before the date on which the suit is set for trial, the continuance is discretionary with the court.

(d) The party seeking the continuance must file with the court an affidavit stating the grounds for the continuance.

The affidavit is proof of the necessity for a continuance. The affidavit need not be corroborated.

(e) If the member of the legislature is an attorney for a party, the affidavit must contain a declaration that it is the attorney's intention to participate actively in the preparation or presentation of the case.

(f) The continuance provided by Subsection (b) is one of right and may not be charged against the party receiving it on any subsequent application for continuance.

There are two exceptions to the mandatory continuance provision of § 30.003. The first, set out above and in Rule 254, gives the trial court discretion to grant a continuance if the attorney-legislator is "employed within 10 days before the date on which the suit is set for trial...." The second, which the Supreme Court promulgated in *Waites v. Sondock*, 561 S.W.2d 772 (Tex.1977), allows the trial court discretion

... in those cases in which the party opposing the continuance alleges that a substantial existing right will be defeated or abridged by delay. In cases of this type the trial court has a duty to conduct a hearing on the allegations. If the allegations are shown to be meritorious the court should deny the continuance.

*Id.* at 776; *Condovest Corp. v. John Street Builders, Inc.*, 662 S.W.2d 138, 140–141 (Tex.App.1983, no writ).

In the instant proceeding, the real party in interest, Texana National Bank of Belton (the Bank), brought suit to recover amounts due under a lease agreement between the Bank and relators. On April 16, 1987, eleven days before the trial of the cause, relators filed their motion for legislative continuance. Accordingly, the first exception to a mandatory continuance is inapplicable. The Bank, however, opposed relators' motion on the basis that a delay "would abridge and defeat substantial rights of [the Bank]." In accord with *Waites*, the district court conducted a hearing to determine whether the Bank's allegations were meritorious. After hearing evidence and argument, the trial court con-

cluded that substantial rights of the Bank would be lost or abridged if the continuance were granted and denied relators' motion. The order denying the motion for continuance underlies the petition for mandamus before this Court.

■ An appellate court may issue a writ of mandamus only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Strake v. First Court of Appeals,* 704 S.W.2d 746 (Tex. 1986); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985); *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959). A trial court abuses its discretion when its determination is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. The relator who attacks the trial court's ruling must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion. *Johnson,* 700 S.W.2d at 917. To find an abuse of discretion, this Court must conclude that the facts and circumstances of the case rule out any discretion in the matter.

This Court is unable to do so, however, based upon the limited record before us. As stated above, the district court conducted a hearing on the Bank's allegations regarding the effect of a delay. After granting realtors' motion for leave to file petition for writ of mandamus, this Court requested that relators file a statement of facts of the hearing before the district court. *See* Rule 121(a)(2)(C). Relators then notified the Clerk of this Court that a court reporter was not present to take the testimony at the hearing on their motion for continuance and, thus, no statement of facts was available. In lieu of a record, each party has attempted to restate and characterize the testimony from the hearing in their petitions and responses, although there is no stipulation as to the evidence presented below. At oral argument, counsel for the Bank stated that

neither party had set out all the testimony from the hearing.

■ Accordingly, this cause is before this Court with an incomplete record and on conflicting facts. The record does show that the reason for the district court's denial of the motion was the disputed issue of impairment of the Bank's substantial rights. If the facts on which the right to mandamus are doubtful or disputed, an appellate court should not grant the writ. *Jessen Associates, Inc. v. Bullock,* 531 S.W.2d 593 (Tex.1975); *Lambert v. Baker,* 705 S.W.2d 735 (Tex.App.1986, orig. mand. proceeding); *see also Harris Data Communications, Inc. v. Dellana,* 680 S.W.2d 641 (Tex.App.1984, orig. mand. proceeding). Furthermore, in the absence of a statement of facts, we must presume that the evidence supports the district court's order. *Guthrie v. National Homes Corp.* 394 S.W.2d 494 (Tex.1965). For the above reasons, there is no basis on which to grant relators' petition.

The petition for writ of mandamus is denied.

BRADY, Justice, dissenting.

I respectfully dissent.

Although no statement of facts was brought up from the hearing below, I believe the relators have shown that no substantial rights will be abridged by the granting of the requested legislative continuance. The real party-in-interest, Texana National Bank opposed relators' motion for continuance on the grounds that certain property belonging to the Bank was being dissipated by relators. However, the plaintiff's original petition, filed by the Bank in this action seeks only a recovery of money damages. Its prayer reads as follows:

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that:

1. Defendants be cited to appear and answer herein;

2. On final hearing hereof, Plaintiff have judgment against Defendants for $215,552.50;

3. Reasonable attorney's fees;

4. All costs of Court;

**868**

5. Post-judgment interest at the legal rate on the total amount of the judgment from date of judgment until paid; and

6. Such other and further relief at law or in equity to which Plaintiff may be justly entitled.

This prayer for relief does not assert rights in any particular property or funds. The only relief for which the plaintiff would be entitled upon a favorable judgment in this case would be the money damages, costs and attorney's fees requested. While the property the Bank asserts could be dissipated may be part of the transaction on which this suit was based, the trial court would not be authorized to make an order with respect to that property under this prayer of relief.

A legislative continuance under Tex.Civ. Prac. & Rem.Code Ann. § 30.003 (1986) is generally mandatory except when the non-movant demonstrates that a substantial existing right will be abridged by delay in the trial of the case. *Waites v. Sondock,* 561 S.W.2d 772, 776 (Tex.1977). Although the order denying relators' motion for legislative continuance specifically finds that substantial rights will be abridged, the Bank has not requested any relief under this cause of action which could be prejudiced by the sale of these assets. Indeed, it is hard for me to conceive of a situation where a plaintiff seeking merely money damages could have substantial rights prejudiced by a legislative continuance as there are certainly other remedies available to prevent dissipation of assets pending litigation, *i.e.,* temporary restraining orders and injunctions. The ordinarily mandatory legislative continuance has only been denied when there was no other adequate remedy at law. *See Waites v. Sondock, supra,* at nt. 2 (right to child support could not be enforced by any other means); *Condovest Corp. v. John Street Builders,* 662 S.W.2d 138, 141 (Tex.App.1983, no writ) (contract for sale of real estate to lapse).

I would hold that, given the relief requested by the Bank, denial of relators' motion for a legislative continuance was an abuse of discretion.