No. 04-97-00689-CV



Charlotte Juanita PHILIPP,


Appellant



v.



Guillermo A. PINO, M.D.,


Appellee



From the 45th Judicial District Court, Bexar County, Texas


Trial Court No. 95-CI-10345


Honorable Carol R. Haberman, Judge Presiding(1)



Opinion by: Tom Rickhoff, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice (concurring in the judgment only)


Delivered and Filed: September 23, 1998


AFFIRMED


 In this appeal, Charlotte Juanita Philipp challenges the trial court's orders denying her
motions for continuances and excluding her expert's testimony. Because the record is insufficient
to address these complaints, we affirm the judgment of the trial court.

Procedural Background


 Philipp filed suit against Dr. Guillermo A. Pino and Howmedica, Inc. She alleged that Pino
negligently performed surgery on her and that he placed a defective compression plate and screws
manufactured by Howmedica in her hip. She retained Dr. Richard Gardner as her expert on the issue
of Dr. Pino's negligence. After Dr. Gardner's deposition, Philipp filed a motion for a continuance,
noting that during the deposition serious questions were raised regarding Dr. Gardner's qualifications
as an expert. Philipp requested a continuance so she would have time to engage a qualified medical
expert. The trial court denied the motion.

 Thereafter, Pino filed a motion to exclude Dr. Gardner's testimony at trial. Philipp filed a
response to Pino's motion and an alternative motion for a continuance. The trial court granted
Pino's motion, ordered that Dr. Gardner's testimony would be excluded at trial, and denied Philipp's
motion for a continuance.

 The trial court later signed a final judgment, stating that Pino's motion for instructed verdict
was granted at the conclusion of all the evidence and that Philipp's case against Howmedica was
submitted to the jury. Since the jury found in favor of Howmedica, the trial court rendered judgment
that Philipp take nothing by reason of this suit.

 Philipp perfected an appeal and filed a brief arguing that the trial court erred in denying her
motions for continuances and in excluding Dr. Gardner's testimony. The clerk's record, however,
did not contain her motions for continuances, Pino's motion to exclude, or the trial court's orders
ruling on these motions. Additionally, no reporter's record was filed.

 Pino's brief detailed the deficiencies in the record and argued that the deficiencies mandated
that we affirm the trial court's judgment. Philipp neither filed a reply brief responding to this
argument nor requested to supplement the appellate record. On December 4, 1997, we ordered the
appeal to be submitted on briefs on January 7, 1998. Pursuant to Rule 37.3(a)(1) of the Texas Rules
of Appellate Procedure, we notified the court reporter that the reporter's record had not been filed.
The court reporter informed this court that Philipp had not requested a reporter's record. Therefore,
pursuant to Rule 37.3(c)(1) of the Texas Rules of Appellate Procedure, we ordered Philipp to provide
written proof that the reporter's record had been requested or else we would consider only issues
that do not require a reporter's record for a decision. We also allowed Philipp an opportunity to
request a supplemental clerk's record. Philipp responded with a motion to supplement the clerk's
record. In the motion, she stated that she did not believe a reporter's record was necessary to resolve
the issues raised in the appeal. We granted the motion to supplement, allowed the parties an
opportunity to file amended briefs, and ordered that we would consider only those issues that do not
require a reporter's record for a decision. We subsequently received a supplemental clerk's record
containing, among other things, the motions for continuances and motion to exclude and the orders
ruling on those motions. The parties also filed amended briefs.

Discussion 


Denial of the Continuances

 In her first issue, Philipp argues the trial court committed reversible error by denying her
motions for continuances. We will reverse a trial court's decision to deny a motion for a continuance
only if we determine, after searching the entire record, that the decision was a clear abuse of
discretion. See Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987); Schindler
v. Austwell Farmers Coop, 829 S.W.2d 283, 289 (Tex. App.--Corpus Christi), aff 'd as modified
on other grounds, 841 S.W.2d 853 (Tex. 1992); W. Wendell Hall, Standards of Review in Texas, 29
St. Mary's L.J. 351, 420 (1998). The orders denying the motions recite that the court heard
evidence on the motions. As noted above, however, we do not have the benefit of a reporter's record
from the hearings. We must therefore presume that the trial court did not abuse its discretion in
denying the continuances. See Metro Aviation, Inc. v. Bristow Offshore Helicopters, Inc., 740
S.W.2d 873, 874 (Tex. App.--Beaumont 1987, no writ); Alta Enters., Inc v. Clark, 730 S.W.2d 865,
867 (Tex. App.--Austin 1987, no writ); Durston v. Best Western Motel, 695 S.W.2d 795, 797 (Tex.
App.--Waco 1985, no writ); cf. Piotrowski v. Minns, 873 S.W.2d 368, 370-71 (Tex. 1993) ("A
litigant who fails to request that the reporter record pretrial proceedings risks waiver of any
complaint with respect to error occurring during those proceedings."). We overrule Philipp's first
issue.

Exclusion of Expert Testimony

 In her second issue, Philipp argues the trial court committed reversible error by excluding
the testimony of Dr. Gardner. We review a trial court's decision to exclude evidence for an abuse
of discretion. See City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). A successful
challenge to an evidentiary ruling requires the complaining party to show that the judgment turns
on the evidence excluded. See id. at 753-54. "We determine whether the case turns on the evidence
excluded by reviewing the entire record." See id. at 754 (emphasis added).

 In this case, our review is thwarted by the absence of a reporter's record from the trial. When
the reporter's record has not been filed, we must presume that the record supports the trial court's
judgment. See Gallagher v. Fire Ins. Exch., 950 S.W.2d 370, 370-71 (Tex. 1997); Christiansen v.
Prezelski, 782 S.W.2d 842, 843 (Tex. 1990). As a result of this presumption, we cannot determine
whether the exclusion of the expert testimony is reversible error. See S.H. v. National Convenience
Stores, Inc., 936 S.W.2d 406, 407-08 (Tex. App.--Houston [1st Dist.] 1996, no writ). Philipp's
second issue is overruled.

Conclusion


 Under the Texas Rules of Appellate Procedure, the trial and appellate courts have a duty to
ensure that the appellate record is filed. See Tex. R. App. P. 35.3. But this duty does not arise until
the appellant requests the record and arranges to pay for it. See Utley v. Marathon Oil Co., 958
S.W.2d 960, 961 (Tex. App.--Waco 1998, no pet. h.); Tex. R. App. P. 37.3(c). Although Philipp
did not timely request the reporter's record, we allowed her an opportunity to cure this omission.
Because she did not take advantage of the opportunity to cure, the record is insufficient to support
her assertions of reversible error. Accordingly, the judgment of the trial court is affirmed.


 Tom Rickhoff, Justice

DO NOT PUBLISH



1. Although Judge Haberman presided over the trial of this cause and signed the final judgment, the orders
challenged on appeal were signed by Judge Michael Peden.


Return to
4th Court of Appeals Opinions