Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## OPINION

No. 04-11-00070-CV

## IN RE IN THE INTEREST OF I.E.F.

Original Mandamus Proceedings[1]

Opinion by:    Rebecca Simmons, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  April 13, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

The underlying suit involves competing petitions to modify a 2002 Order in Suit Affecting the Parent-Child Relationship (SAPCR). Under the 2002 SAPCR Order, April Rodriguez, who is the child's mother, was appointed managing conservator with the exclusive right to determine the child's primary residence. The order appointed Daniel Flores, who is the child's father, as possessory conservator. Daniel filed the initial petition to modify the 2004 SAPCR Order, thereafter, April filed her own petition to modify and a motion for a legislative continuance. The trial court denied the continuance, and April filed a petition for writ of mandamus with this court.

---

[1] This proceeding arises out of Cause No. 2001-EM5-05541, styled *In the Interest of I.E.F.*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Solomon Casseb, III presiding.

**DISCUSSION**

Legislative continuances may be sought in "any criminal or civil suit, including matters of probate, and to any matters ancillary to the suit that require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders." TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(a) (West 2008); *see also* TEX. R. CIV. P. 254.

The party seeking the continuance is required to file an affidavit stating the grounds for the continuance. TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(d); *see also* TEX. R. CIV. P. 254. The affidavit is proof of the necessity for a continuance and it need not be corroborated. *Id.* Here, April's attorney, who is a member of the Texas Legislature, filed a verification with his motion for continuance in which he stated every statement in the motion was within his personal knowledge and was true and correct. However, the motion does not contain the following required declaration:

> If the member of the legislature is an attorney for a party, the affidavit must contain a declaration that it is the attorney's intention to participate actively in the preparation or presentation of the case and that the attorney has not taken the case for the purpose of obtaining a continuance under this section.

TEX. CIV. PRAC. & REM. CODE § 30.003(e); *see also* TEX. R. CIV. P. 254 (same).

Therefore, the motion was defective because it does not contain the statutorily-required declaration. Accordingly, we must deny the petition for writ of mandamus. *See In re Ford Motor Co.*, 165 S.W.3d 315, 319 (Tex. 2005) (orig. proceeding) ("Because Ford's motion was filed more than thirty days before the scheduled trial date *and met the statutory requirements* [regarding the required declarations], the trial court was without discretion to deny the motion unless Fuentes established her entitlement to an exception.") (emphasis added).

Ordinarily our refusal to issue an advisory opinion would preclude us from reviewing the merits of the substantive grounds upon which April argues she is entitled to a legislative

continuance. However, matters of judicial economy compel us to address those grounds now and eliminate unnecessary grounds for contention in the event April's attorney files another motion for legislative continuance that is accompanied by an affidavit which complies with Texas Civil Practice and Remedies Code section 30.003(d),(e) and Texas Rule of Civil Procedure 254.

## A.   Exclusion for Temporary Restraining Orders

Daniel argues Texas Rule of Civil Procedure 254 and Texas Civil Practice and Remedies Code section 30.003 do not apply here because "this case involves a temporary restraining order." We disagree.

Three temporary restraining orders (TRO) existed in this case. The first two, which were issued by the trial court at Daniel's request, either expired by operation of law or were dissolved by the trial court. The third TRO was entered into mutually by the parties and was extended by the trial court until January 28, 2011. In the meantime, both parties moved to modify the 2002 SAPCR Order, as well as for temporary orders. No date has been set for a hearing on the petitions for modification. However, at the January 6, 2011 hearing on the request for temporary orders, April's attorney stated he intended to ask that the second TRO be dissolved and "[w]hen that's over, I intend to argue my motion for legislative continuance." The trial court denied the second TRO. It is clear from this record that April did not seek to continue a hearing on a temporary restraining order. Instead, she sought a continuance of any hearings on the parties' petitions to modify the 2002 SAPCR Order and the request for temporary orders. Therefore, Rule 254 and Civil Practice and Remedies Code section 30.003 apply.

**B.** **Mandatory or Discretionary Continuance**

Daniel asserts April retained her attorney on January 4, 2011, which is within the discretionary period of the initial January 6, 2011 setting of the temporary orders hearing. *See* TEX. CIV. PRAC. & REM. CODE § 30.003(c) (if legislator-attorney "was employed on or after the 30th day before the date on which the suit is set for trial, the continuance is discretionary with the court"); *see also* TEX. R. CIV. P. 254 ("The right to a continuance shall be mandatory, except only where the attorney was employed within ten days of the date the suit is set for trial, the right to continuance shall be discretionary.").

Rule 254 and Civil Practice and Remedies Code section 30.003 pertain to the date on which "the suit" is "set for trial." The Texas Family Code provides that temporary orders, which are entered "before a final order," may be made "in a suit." TEX. FAM. CODE ANN. § 105.001(a) (West 2008). We construe the word "suit" to mean the "actual trial." The term "actual trial," as ordinarily understood by the legal profession, is the hearing in open court leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644-45 (Tex. 1985) (examining requirement of participation in "actual trial" enabling party to proceed by writ of error review); *Lawyers Lloyds of Tx. v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941) (same); *see also* TEX. GOV'T CODE ANN. § 54.608(b) (West 2005) ("A trial on the merits is any final adjudication from which an appeal may be taken to a court of appeals."). Temporary orders are not a "final judgment," and they are not subject to interlocutory appeal. TEX. FAM. CODE ANN. § 105.001(e). Therefore, we conclude that a hearing on a request for temporary orders is neither a "suit" nor a "trial" as those words are used in Civil Practice and Remedies Code section 30.003 and Rule 254.

In this case, it is the parties' competing petitions to modify the 2002 SAPCR Order that constitutes the "suit" for purposes of the legislative continuance. Because this suit has not yet been "set for trial," April's attorney's motion for a legislative continuance was filed within the time period in which a continuance is mandatory. *See* TEX. CIV. PRAC. & REM. CODE § 30.003(b) (if motion for continuance is filed "at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention," the continuance is mandatory); *see also* TEX. R. CIV. P. 254 (same).

## C.    *Waites* **Exception**

Daniel's attorney argued before the trial court that there were substantial rights that would be defeated if the legislative continuance was granted. In *Waites v. Sondock*, the Texas Supreme Court held that "a legislative continuance is mandatory except in those cases in which the party opposing the continuance alleges that a substantial existing right will be defeated or abridged by delay." 561 S.W.2d 772, 776 (Tex. 1977). "In cases of this type the trial court has a duty to conduct a hearing on the allegations." *Id.* "If the allegations are shown to be meritorious the court should deny the continuance." *Id.* Here, the trial court heard arguments from the attorneys regarding the application of the *Waites* exception but it is unclear from the record whether evidence was presented from which the trial court could determine whether the allegations were meritorious. *See Amoco Prod. Co. v. Salyer*, 814 S.W.2d 211, 213 (Tex. App.—Corpus Christi 1991, no writ) (finding there was no evidence introduced showing type of irreparable harm necessary to come within limited exception set forth in *Waites*). Because the petition must be denied on other grounds we need not delve further into the record.

## CONCLUSION

Because we conclude the motion for legislative continuance was defective, we deny the petition for writ of mandamus. TEX. R. APP. P. 52.8(a).

Rebecca Simmons, Justice