# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00072-CV

**Jorge Falcon, Appellant**

**v.**

**Texas Public Safety Commission, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-13-002387, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jorge Falcon was employed as a State Trooper with the Department of Public Safety when he was accused of inappropriate conduct during a traffic stop in March 2011. The Department investigated the allegations and decided to terminate Falcon's employment. Falcon appealed to the Texas Public Safety Commission, which upheld the Department's decision, and Falcon filed suit for judicial review. Following a hearing, the trial court affirmed the Commission's order, and Falcon appealed to this Court. Falcon raises two issues on appeal, both of which involve the propriety of the Commission's decision to deny his motion for continuance. We affirm the trial court's judgment.

### Procedural Background

On April 10, 2013, in anticipation of the Commission hearing scheduled for April 16, 2013, Falcon filed a Motion for Continuance stating in its entirety:

COMES NOW, Trooper Jorge Falcon, Appellant, by and through his attorney of record TERRY CANALES, and files this his Motion for Continuance. This matter is set to be heard on Tuesday, April 16, 2013, [sic] Appellant retained attorney Terry Canales as co-counsel. Mr. Canales is the elected member to the Texas House of Representatives for District 40, and he is currently attending the 83rd legislative session in Austin. The last day of the regular session of the Legislature is May 27, 2013. Because of his legislative duties, Mr. Canales is unable to prepare for or participate in the appeal hearing scheduled for April 16, 2013. Therefore, Appellant requests a continuance of his appeal hearing until a date at least 30 days after the end of the legislative session.

Furthermore, this motion is not filed for delay or any improper purpose, but so justice will be served.

WHEREFORE PREMISES CONSIDERED, the Appellant requests that this motion be granted.

Attached to the motion was an affidavit by Canales, which stated in its entirety, "I am the attorney for Jorge Falcon, Appellant in this cause; I have read the above and it is all true and correct." The Department did not file a response to the motion for continuance.

At the hearing, the motion was discussed at length by the commissioners; Canales; Canales's co-counsel, John Snider; and the Commission's counsel, Phillip Adkins. Canales, who lived in the same area of Texas as Falcon, asserted that he had been hired by Falcon on April 9, 2012, that he had met numerous times with Falcon, and that he had attended meetings and a polygraph test related to the case. Snider said that he did not live near Falcon and had met with him only once. However, he also said that he was prepared to proceed with the hearing and that he had appeared as Falcon's attorney in an earlier related hearing. Adkins told the commissioners that the hearing was originally set for September 4, 2012, but that John Herring, Falcon's attorney at the time and a member of Snider's law firm, had sought and received a continuance, noting that Herring's motion

2

had not mentioned that any other attorneys were also representing Falcon. Adkins opined that the legislative continuance statute did not apply to Commission hearings and that a decision on the motion was therefore up to the commissioners' discretion. The presiding commissioner stated:

> It's my understanding that to grant a continuance is discretionary. And as the presiding officer, I decline to grant an additional continuance. A prior continuance has been granted at the employee's request. The complaining witness has traveled several hours to testify today and both sides have announced ready. Representative Canales, we don't take this lightly and we have heard your concerns. We respect your service. But you have capable co-counsel who's done an extraordinary job in the past, and we feel your client is very well represented, and we're ready to move forward.

After the Commission upheld his termination, Falcon filed a petition for judicial review complaining (1) of the Commission's denial of his motion for continuance; (2) that the Commission had denied him the ability to present crucial evidence, thus denying him a fair trial; and (3) that the evidence was insufficient to support the Commission's findings. The trial court held a hearing and signed a judgment affirming the Commission's order. Falcon then filed this appeal.

## Standard of Review

An officer discharged by the Department is entitled to a hearing before the Commission, which affirms or sets aside his termination based on the evidence. Tex. Gov't Code § 411.007(f). If the Commission affirms, the former officer may seek judicial review under the substantial-evidence standard. *Id.* In its review, the trial court "may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion." *Id.* § 2001.174. A reviewing court should ask not whether the agency reached the correct

3

conclusion but whether the record contains sufficient evidence to support the agency's action. *Larimore v. Employees Ret. Sys.*, 208 S.W.3d 511, 522 (Tex. App.—Austin 2006, pet. denied).

In relevant part, section 30.003 of the civil practice and remedies code, governing legislative continuances, provides:

> (a) This section applies to any criminal or civil suit, including matters of probate, and to any matters ancillary to the suit that require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders.
>
> (b) Except as provided by Subsections (c) and (c-1) [not relevant to this case], at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention, the court on application shall continue a case in which a party applying for the continuance or the attorney for that party is a member or member-elect of the legislature and will be or is attending a legislative session. The court shall continue the case until 30 days after the date on which the legislature adjourns.
>
> * * *
>
> (d) The party seeking the continuance must file with the court an affidavit stating the grounds for the continuance. The affidavit is proof of the necessity for a continuance. The affidavit need not be corroborated.
>
> (e) If the member of the legislature is an attorney for a party, the affidavit must contain a declaration that it is the attorney's intention to participate actively in the preparation or presentation of the case and that the attorney has not taken the case for the purpose of obtaining a continuance under this section.

Tex. Civ. Prac. & Rem. Code § 30.003.

## Discussion

On appeal, Falcon complains (1) that the trial court erred in "considering alleged deficiencies in Falcon's Motion for Legislative Continuance, not raised before the Commission,"

4

and (2) that any alleged deficiencies in his motion "were raised without objection before the Commission, and therefore tried by consent."

First, we address Falcon's assertion that the trial court "ruled that [Falcon's] motion for legislative continuance was mandatory, but nevertheless affirmed the Commission's holding that the motion was deficient." The trial court's final judgment, signed four days after its hearing, states only that, "[a]fter considering the parties['] briefs, the administrative record and arguments of counsel, the Court orders that the Texas Public Safety Commission's order is AFFIRMED." In a separate letter to counsel dated on the same day, the trial court explained why it believed that "[t]he 3rd and the 14th Court opinions are not in conflict,"[1] concluding that "the statute did mandate the Commission to grant the legislative continuance *if* it had been properly requested. But it was not." It is this letter that Falcon incorrectly characterizes as the trial court's "written opinion."

The trial court's judgment does not provide any explanation for its ruling, the record does not contain a request for findings of fact and conclusions of law, and the trial court's letter does not amount to an "opinion" or to findings of fact as contemplated by the rules. *See Cherokee Water Co. v. Gregg Cty. Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990); *Holt v. Kelso*, No. 03-11-00258-CV, 2014 WL 858345, at *3 (Tex. App.—Austin Feb. 26, 2014, no pet.) (mem. op.); *Mondragon v. Austin*, 954 S.W.2d 191, 193 (Tex. App.—Austin 1997, pet. denied). "Because no findings of fact and conclusions of law were requested or filed, we must uphold the trial court's

---

[1] Although the court did not state in its letter which cases it was discussing, it is apparent from our review of the record that the cases in question were *Smith v. Houston Chemical Services, Inc.*, 872 S.W.2d 252 (Tex. App.—Austin 1994, writ denied), and *Harris County Bail Bond Board v. Burns*, 790 S.W.2d 862 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

5

judgment on any theory of law applicable to the case," and we are not limited to the reasoning put forth in the trial court's letter. *See Mondragon*, 954 S.W.2d at 193.

We next turn to the Commission's denial of Falcon's motion for continuance. In *Smith v. Houston Chemical Services, Inc.*, we held that section 30.003 does not apply to administrative proceedings, noting that "[t]he statute clearly applies to a judicial proceeding in a 'court,'" and that an administrative agency, in that case the Texas Water Commission, "is not a court":

> It is simply an administrative agency, exercising *executive powers* in the executive branch of government, to which the legislature has delegated power to decide issues of fact and law in enforcing statutes entrusted to the agency's administration. The terms of APA §§ 2001.051-.178 require that these decisions be made, in cases like the present, *in a manner* much like a court employs in adjudicating cases within its *judicial power*. This similarity of method does not, however, make the agency a court in any sense. When an agency decides a contested case, it simply decides the application of a statute to the facts of a case, either directly or through the medium of the agency's rules and policies, for purposes of administrative decision-making and action.

872 S.W.2d 252, 274 (Tex. App.—Austin 1994, writ denied).

On appeal, Falcon does not mention *Smith*, arguing only that the trial court used incorrect reasoning to affirm the Commission's decision, reasoning that we are not limited to considering in our analysis. *See Mondragon*, 954 S.W.2d at 193. In his trial-court briefing, Falcon noted the *Smith* opinion in passing, saying only that this Court had, "in a one paragraph 18 line opinion," held that an administrative agency was not a court and that the legislative continuance statute did not apply. He discussed at greater length our sister court's decision in *Harris County Bail Bond Board v. Burns*, which held that section 30.003 applied to a bond license revocation because the board had powers that were "adjudicatory in nature" and made decisions that were "judicial in

6

nature." 790 S.W.2d 862, 864 (Tex. App.—Houston [14th Dist.] 1990, writ denied). We decline to follow *Burns* over *Smith*, and we hold once again that section 30.003 does not apply to an administrative proceeding such as this one. *See Smith*, 872 S.W.2d at 274.**²**

The Commission was correct in its conclusion that the granting of Falcon's request for a legislative continuance was not mandatory but instead was left to the Commission's discretion. The fact that the trial court affirmed the Commission's decision, apparently basing its decision on different, albeit incorrect, grounds is of no import. *See Larimore*, 208 S.W.3d at 522; *Mondragon*, 954 S.W.2d at 193. The record does not reflect that the Commission's decision to deny Falcon's motion was in any way an abuse of discretion.**³**

---

**²** *See also City of Garland v. Byrd*, 97 S.W.3d 601, 606 (Tex. App.—Dallas 2002, pet. denied) (when Civil Service Commission reviews officer's suspension, it makes "administrative decision regarding the discipline of an employee"; although commission's method "is similar to that used by courts, the decision itself is not judicial, but an exercise of the supervisory powers delegated to it by the legislature"; private examiner holding hearing on suspension "stands in the shoes of" commission, and "[s]imply because the actions taken by the examiner are adjudicatory in nature, however, does not mean the power being exercised by the examiner is judicial in nature"); *Heard v. Incalcaterra*, 702 S.W.2d 272, 275 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (holding that Civil Service Commission's enforcement of deputy's dismissal "is not a power that is primarily judicial in nature" but is "committed by the legislature to the commission, allowing for the sound judgment and administration of that matter by the commission").

**³** Because section 30.003 did not apply to this administrative proceeding, we need not address Falcon's arguments that the deficiencies in his motion and affidavit were waived or "tried by consent." However, we note that Canales did not declare in his affidavit that he intended to participate actively in the preparation or presentation of the case or that he had not taken the case for the purpose of obtaining a continuance under this section. Tex. Civ. Prac. & Rem. Code § 30.003(e). Nor did the motion include such statements. Thus, on its face, this motion and attached affidavit would be insufficient to trigger the mandatory legislative continuance under section 30.003, even if the statute applied. *See In re Ford Motor Co.*, 165 S.W.3d 315, 318 (Tex. 2005) ("when a lawyer-legislator is retained more than thirty days before the date a civil case is set for trial, a trial court lacks discretion to deny a *properly requested* motion for legislative continuance" (emphasis added)); *Burkhart v. State*, 26 S.W.2d 238, 239 (Tex. Crim. App. 1930) (op. on reh'g) (defendant not entitled to continuance where affidavit stated only that defendant "earnestly desire[d] the active

## Conclusion

The Commission was correct in concluding that the granting of a motion for legislative continuance is discretionary in an administrative proceeding.  *See Smith*, 872 S.W.2d at 274.  We affirm the trial court's judgment affirming the Commission's decision.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   August 24, 2016

---

participation in the trial" of attorney who was in legislature); *In re I.E.F.*, 345 S.W.3d 637, 638-39 (Tex. App.—San Antonio 2011, orig. proceeding) (motion was defective and did not give rise to duty to grant continuance because it did not include declaration required by section 30.003(e)); *First Interstate Bank of Texas, N.A. v. Burns*, 951 S.W.2d 237, 240 (Tex. App.—Austin 1997, no pet.) ("To obtain a continuance, the legislator must present an affidavit to the adjudicating tribunal stating he or she intends to participate actively in the case and has not taken the case for purposes of delay."); *Ojeda v. State*, 916 S.W.2d 609, 610 (Tex. App.—San Antonio 1996, pet. ref'd) ("*If properly requested*, a legislative continuance is mandatory." (emphasis added)).  Even if section 30.003 was applicable, the motion did not satisfy the statute's requirements, and the Department did not somehow waive the deficiencies, thus transforming the deficient motion into a "properly requested" motion, by not filing a written response.

8