HARRIS COUNTY BAIL BOND BOARD, Johnny Klevenhagen, Chairman, Appellant,

v.

John BURNS, Individually and d/b/a John Burns Bail Bonds, Appellee.

No. C14–89–00783–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 31, 1990.

Rehearing Denied June 21, 1990.

Barbara Baruch, Houston, for appellant.

Gene Jones, Thomas R. Steinmeyer, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

This is an appeal from a writ of mandamus issued by the trial court ordering appellant to vacate its orders overruling appellee's motion for legislative continuance and revoking appellee's bail bond license. We affirm.

Appellee, John Burns, is licensed to execute bail bonds in Harris County, Texas. On or about February 24, 1989, the Harris

County Bail Bond Board ("Board") notified Burns of a March 8, 1989 hearing to be held concerning alleged violations by Burns of the Bail Bond Act. TEX.REV.CIV.STAT.ANN. art. 2372p–3 (Vernon 1990). State Senator John Whitmire was the original counsel retained by Burns for the March 8, 1989 hearing. On March 8, 1989, Burns informed the Board that he had just that day learned that pressing legislative matters prevented Senator Whitmire from appearing before the Board on Burns' behalf. The hearing was continued until April 12, 1989.

More than ten days prior to the April 12th hearing, Burns employed State Representative, Honorable Debra Danburg. On April 12, Representative Danburg's Motion for a Legislative Continuance was presented by appellee to the Board. It is undisputed that the legislature was then in session. The Board denied Representative Danburg's Motion and Burns was required to appear before the Board without his attorney. Burns was sworn and submitted to questioning before the Board. The April 12th hearing was continued to May 10, 1989 for further testimony. At the May 10th hearing Burns re-urged the Board to grant Representative Danburg's Motion for Legislative Continuance. The Board again denied Representative Danburg's motion. Burns was then sworn and gave testimony before the Board without his attorney. Also appearing before the Board at the May 10th hearing to testify against Burns were Lt. Don Allen of the Galveston County Sheriff's department and Thomas J. Green, a licensed bondsman in Galveston County, Texas. On May 10th, after hearing the testimony and argument and after considering the evidence submitted, the Board voted to revoke Burns' license. On May 15, 1989, the Board posted its order revoking Burns' license number 73015. The order was to become effective ten days after the date of posting, or May 25, 1989.

Burns then sought a writ of mandamus from the district court. Upon conclusion of the hearing, the trial judge granted Burns' application for mandamus and ordered the Board to vacate its orders overruling the Motion for Legislative Continuance and re-voking Burns' bail bond license number 73105.

■ In its first point of error, the Board complains that the trial court erred in granting a writ of mandamus because the Harris County Bail Bond Board's denial of a continuance was a discretionary act. TEX.CIV.PRAC. & REM. CODE ANN. § 30.003(b) reads in pertinent part:

> ... [t]he court on application **shall** continue a case in which a party applying for the continuance, or the attorney for that party is a member of the legislature and will be or is attending a legislative session. (Emphasis added).

There are two exceptions to the mandatory requirement of § 30.003(b). One exception is embodied in the statute, itself, at subsection (c):

> If the attorney for a party to the case is a member of the legislature who was employed within ten days of the date suit is set for trial, the continuance is discretionary with the court. [30.-003(c)]

It appears uncontroverted that Representative Danburg was retained as an attorney for Burns more than ten (10) days in advance of the April 12, 1989 hearing. In her affidavit in support of the Motion for Legislative Continuance Danburg avers that: she is a member of the House of Representatives of the State of Texas and is in actual attendance of a session thereof; it is her intention to participate actively in the preparation and presentation before the Board; the Continuance is not sought for delay only, but so that justice may be done. Representative Danburg's Motion for Legislative Continuance was in full compliance with the requisites of TEX.CIV.PRAC. & REM. CODE ANN. § 30.003. The matter of granting Representative Danburg's motion for Legislative Continuance was clearly nondiscretionary with the Board.

The other exception to the mandatory nature of § 30.003(b) is the due process exception enunciated by the Supreme Court of Texas in *Waites v. Sondock*, 561 S.W.2d 772 (Tex.1977) where the trial court had granted the legislative continuance motion.

That cause involved an original mandamus action regarding the granting of a legislative continuance in a child support case. The *Waites* Court stated:

> We agree with the conclusions of these courts insofar as their decisions deal with the constitutionality of mandatory legislative continuances *when the non-moving party faces irreparable harm.* At the same time we reiterate the limited nature of our holding: *a legislative continuance is mandatory except in those cases in which the party opposing* the continuance *alleges that a substantial existing right will be defeated or abridged by delay.* In cases of this type the trial court has a duty to conduct a hearing on the allegations. If the allegations are shown to be meritorious, the court should deny the continuance. 561 S.W.2d at 776.

It is noted that Danburg's Motion for Legislative Continuance was not controverted by any written motion of the Board setting forth any specific factual allegation that, if true, would demonstrate irreparable harm or that substantial existing rights of the Board would be defeated or abridged by any delay in the proceedings caused by the granting of the Motion for Legislative Continuance. Thus the due process exception to the legislative continuance statute enunciated in *Waites* is not applicable to the instant case. In summary, there has been full compliance with the provisions of § 30.003 in regard to a motion for legislative continuance and there is no showing that either the statutory exception or the *Waites* due process exception is applicable. The Board had no discretion except to grant the motion, the statute being mandatory. The act of the Board under such circumstances is ministerial in nature, not discretionary. Generally, mandamus will issue where the duty to do the act commanded is ministerial and nondiscretionary. *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422 (Tex.1961).

■ The Board next argues that the mandatory continuance provided by § 30.003(b) does not apply to administrative hearings. Art. 2372p–3 which governs the licensing and regulation of bail bondsmen reads in relevant part:

> Sec. 5(f) In addition to the powers and duties given to the County Bail Bond Board by this Act, the board has the following powers and duties:

> Sec. 5(f)(3) To require applicants and licensees to appear before the board, and to administer oaths, examine witnesses, and compel production of pertinent books, accounts, records, documents, and testimony by the licensee or applicant in its hearings;

> Sec. 10(a) The board may revoke or suspend a license in accordance with the procedure provided in this section for the violation of any provision of this Act.

These powers do not contemplate a legislative, rulemaking power. They represent a proceeding and a purpose that are adjudicatory in nature. The decision called for by these statutes has an immediate, specific impact on the particular party. Clearly, the decision is judicial in nature. *Travis County Bail Bond BD. v. Smith,* 531 S.W.2d 236, 240 (Tex.App.—Waco 1975, no writ). See also *City of San Antonio v. Spears,* 751 S.W.2d 551, 554 (Tex.App.—San Antonio 1988, no writ). The Board, although an administrative agency, possesses powers judicial in nature and employs procedures judicial in character. We find that the mandatory legislative continuance provided by § 30.003(b) applies to the Board's proceedings. The trial court did not err in holding that § 30.003(b) mandated the legislative continuance. Appellant's point of error one is overruled.

■ In its second point of error, the Board complains that the trial court erred in granting a writ of mandamus because appellee had an adequate remedy of appeal by trial de novo. Section 11 of Article 2372p–3, TEX.REV.CIV.STAT.ANN. provides that during the pendency of the appeal from the Bail Bond Board, the decision of the Board shall have full force and effect. Accordingly, Burns was placed in a situation of incurring continuing damages until such time as his appeal could be heard. Thus the Section 11 trial de novo right of appeal would, under the circumstances of

this case, work an oppressive hardship on Burns. Further, the real party in interest in the instant case is State Representative Debra Danburg and her right to a legislative continuance pursuant to § 30.003. See *Government Services Ins. Underwriters. v. Jones,* 368 S.W.2d 560 (Tex.1963) wherein the Texas Supreme Court states *"The statutory right or privilege of the* **legislator....** " (emphasis ours). See also *Collier v. Poe,* 732 S.W.2d 332 (Tex.Crim.App.1987) wherein the Court of Criminal Appeals concluded *"It is well established that failure to grant a mandatory legislative continuance will result in automatic reversal ..."* (citations omitted). 732 at 345–46. The Court in *Collier* further concluded *"... the real party in interest is State Representative Danburg and her own statutory right or privilege under said § 30.003 to a mandatory legislative continuance ... The right of appeal by relator Collier could hardly be said to be another adequate remedy for lawyer/legislator Danburg."* 732 at 346. In the case before us, relator Burns' right of appeal by trial de novo would not be an adequate remedy for attorney/Representative Danburg. The trial court did not err in granting Burns' application for writ of mandamus. Appellant's point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.