Revised November 29, 2001

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No.  01-10045

In The Matter Of:   DANIEL G. MURPHY

Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL G.  MURPHY,

Appellant,

versus

MICHIGAN GUARANTY AGENCY,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas

November 14, 2001

Before BARKSDALE  and STEWART, Circuit Judges, and DUPLANTIER, District Judge.[*]

CARL E. STEWART, Circuit Judge:

This case requires this court to determine whether a state is entitled to Eleventh Amendment

immunity from an adversary proceeding to determine the dischargeability of a debt under Section

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

7001 of the bankruptcy rules. We hold that such a proceeding falls within the scope of the Eleventh Amendment and affirm the district court's dismissal of this case for lack of jurisdiction.

The facts in this case are undisputed. Daniel G. Murphy ("Murphy") filed for Chapter 7 bankruptcy on January 27, 1999. Murphy obtained a discharge of all of his dischargeable debts.

Michigan Guaranty Agency ("MGA") did not file a proof of claim, or otherwise participate in the bankruptcy proceeding. In June of 1999, Murphy filed an adversary proceeding to determine the status of his student loan debt guaranteed by MGA and requesting that the loan be discharged on the basis of undue hardship.[1] MGA, an arm of the state of Michigan, objected to the adversary proceeding on the ground that it was immune from suit under the Eleventh Amendment. The bankruptcy court held that the Eleventh Amendment prevented it from holding an adversary proceeding to determine whether MGA had been discharged. The district court upheld the decision of the bankruptcy court and dismissed the case for lack of jurisdiction.

*I. The Eleventh Amendment*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. In Seminole Tribe v. Florida, the Supreme Court held that Congress cannot use its Article I powers to circumvent the constitutional limitations placed upon federal jurisdiction by the Eleventh Amendment. 517 U.S. 44, 73 (1996). The Seminole Tribe Court set forth a two-prong test to determine whether Congress has abrogated state sovereign immunity in a particular area. Id. at 55. First, it must be determined whether Congress has "unequivocally expressed its intent to

---

[1] Due to changed circumstances, Murphy later abandoned his claim of undue hardship.

abrogate [state sovereign] immunity," and second, Congress must have "acted pursuant to a valid exercise of power." Id. (internal citations omitted). The Court did not address how the Eleventh Amendment interacted with bankruptcy law; however, it did note that "it has not been widely thought that the federal . . . bankruptcy . . . statutes abrogated the States' sovereign immunity." Id. at 73.

## II. Sovereign Immunity and the Bankruptcy Code

In In re Estate of Fernandez, this court held that Congress's attempt to waive state sovereign immunity through 11 U.S.C. § 106(a) (1993)[2] was unconstitutional. 123 F.3d 241, 242 (5th Cir. 1997).[3] We stated that there was "no principled reason to distinguish in a relevant way Congress' Commerce Clause power that it purported to exercise in Seminole Tribe from its power under the Bankruptcy Clause for the purposes of state sovereign immunity." Id. at 244. In so holding, we found that the Bankruptcy Act of 1994 was passed pursuant to the Bankruptcy Clause, Article I, § 8, cl. 4, and not Section 5 of the Fourteenth Amendment. Id. at 245.

Subsequently, we considered whether the bankruptcy court has the power to discharge debts owed to a state. In Texas v. Walker, we found that the Eleventh Amendment did not prohibit the discharging of a debt owed to the state. 142 F.3d 813, 819, 823 (5th Cir. 1998). We noted that bankruptcy law "operates by virtue of the Supremacy Clause and without forcing the state to submit to suit in federal court." Id. at 822 (citing Maryland v. Antonelli Creditors' Liquidating Trust, 123 F.3d 777, 787 (4th Cir. 1997)). However, we specifically stated that:

---

[2] This section provides that: "Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section . . . ." 11 U.S.C. § 106(a).

[3] Numerous courts have applied the sovereign immunity doctrine in the bankruptcy context. E.g., Arecibo Cmty. Health Care, Inc. v. Puerto Rico, 244 F.3d 241 (1st Cir. 2001); In re NVR, LP, 189 F.3d 442 (4th Cir. 1999); In re Sacred Heart Hospital, 133 F.3d 237 (3d Cir. 1998); In re Seay, 244 B.R. 112 (Bankr. E.D. Tenn. 2000); In re Scarborough, 229 B.R. 145 (Bankr. W.D. Mich. 1999); In re Pitts, 241 B.R. 862 (Bankr. N.D. Ohio 1999). In these cases, courts found either that the state did not waive its sovereign immunity or that Congress did not effectively abrogate that immunity.

> Additional support for our view that the granting of a bankruptcy discharge does not offend the Eleventh Amendment--*although commencement of certain adversary proceedings directly against a state that has not filed a proof of claim in a bankruptcy case would do so*--derives from hoary Supreme Court authority.

Id. at 823 (emphasis added).

However, the question of whether an adversary proceeding constitutes a suit for purposes of applying the Eleventh Amendment was not specifically decided. Nonetheless, we intimated that such a case would be different than the situation in Walker. Id. Accordingly, in the instant action, our analysis must turn on whether the adversary proceeding instituted by Murphy constitutes a suit against the state. Murphy argues that it is not. We disagree.

*III. Adversary Proceedings Under Bankruptcy Rule 7001*

Educational debt is generally not dischargeable without a showing of undue hardship. 11 U.S.C. § 523(a)(8) (1993). Bankruptcy Rule 7001 provides that "a proceeding to determine the dischargeability of a debt" is governed by the adversary rules. BANKR. R. § 7001(6) (2001). "*Adversary proceedings*, as the name implies, relate to proceedings commenced in the bankruptcy court that are adversary in nature in which one party seeks affirmative relief from another before a bankruptcy court sitting as a trial court over the matters in litigation before it." W. HOMER DRAKE, JR., BANKRUPTCY PRACTICE § 3.03 (2d ed. 1995) (emphasis in original).

Murphy asserts that an adversary proceeding is not a suit because a suit is a legal action to obtain a remedy. He argues that the "remedy" of a discharge has already been granted and that he seeks only a determination as to the extent of the bankruptcy court's order. Murphy, however, does not focus on the nature of an adversary proceeding.

The Supreme Court first presented the definition of a suit within the meaning of the Eleventh Amendment in Cohens v. Virginia. 19 U.S. (6 Wheat.) 264 (1821). In Cohens, Chief Justice Marshall acknowledged that not all legal actions were suits. That decision illustrates that a suit consists of: (1) an adversarial proceeding, (2) which arises as a result of a deprivation or injury, (3) which involves at least two parties, (4) which compels the attendance of the parties, (5) which asserts and prosecutes a claim against one of the parties, and (6) which demands the restoration of something from the defending party. In re Taylor, 249 B.R. 571, 574 (Bankr. N.D. Ga. 2000). In applying these factors to Murphy's adversary proceeding, we note that Bankruptcy Rule 7003 requires that an adversary proceeding be commenced by the filing of a complaint. BANKR. R. § 7003 (2001). MGA received a summons requiring it to respond to Murphy's complaint. Moreover, the outcome of the adversary proceeding could coercively affect the legal position of MGA. MGA could have its actions restrained and a drain on the public treasury could result. In re Greenwood, 237 B.R. 128, 132 (N.D. Tex. 1999).

In In re Mitchell, the Ninth Circuit addressed the issue of whether an adversary proceeding constitutes a suit. 209 F.3d 1111, 1115-16 (9th Cir. 2000). In Mitchell, Chapter 7 debtors brought an adversary proceeding against the California Franchise Tax Board and the California Board of Equalization seeking a determination as to the amount and dischargeability of state income tax debt. Id. at 1114. The court held that the Mitchells' contention that the proceeding did not rise to the level of a suit must fail "because they instituted an adversary proceeding against the State." Id. at 1116. The court further noted that to resolve the Mitchells' complaint, the bankruptcy court "must make a separate determination specifically binding on the State as to whether particular debts owed to the State were discharged." Id. (citing 28 U.S.C. § 157(b)(2)(I) (1993)). The court noted that a determination of dischargeability entailed the exercise of in personam jurisdiction over the State. Id. This is in contrast to the in rem jurisdiction exercised by the bankruptcy court in Walker.

5

In sum, we agree with the courts' reasoning in <u>Mitchell</u> and <u>Greenwood</u>, and hold that an adversary proceeding to determine the dischargeability of a debt constitutes a suit within the ambit of the Eleventh Amendment.

For the foregoing reasons, we AFFIRM the decision of the district court.

AFFIRMED.