**Randy PRETZER, Scott Bossier, Bossier Chrysler–Dodge II, Inc., Petitioners,**

v.

**The MOTOR VEHICLE BOARD and Motor Vehicle Division of the Texas Department of Transportation, Respondents.**

No. 03–0333.

Supreme Court of Texas.

March 5, 2004.

J. Bruce Bennett, Cardwell, Hart & Bennett, L.L.P., William R. Crocker, Law Office of William R. Crocker, Austin, for Petitioner.

Jeffrey S. Boyd, Thompson & Knight, Greg Abbott, Atty. Gen., Karen Watson Kornell, Barry Ross McBee, Edward D. Burbach, Nancy Olinger, Office of Attorney General, Austin, for Respondent.

## ON MOTION FOR REHEARING

PER CURIAM.

This case raises the issue of whether the Texas Motor Vehicle Board has statutory authority to sanction persons who neither hold, nor are required to hold, a license from the Board, for engaging in conduct prohibited only to license holders and applicants. We conclude that it does not and consequently reverse in part and affirm in part the judgment of the court of appeals.[1]

The Motor Vehicle Board is an independent entity within the Texas Department of Transportation[2] consisting of nine mem-

---

1. 125 S.W.3d 23(Tex.App.-Austin 2003).

2. TEX. OCC. CODE § 2301.051(d), formerly TEX. REV. CIV. STAT. ANN. art. 4413(36), § 2.01(a) which was repealed and recodified

bers appointed by the Governor with the advice and consent of the Senate.[3] The Board has exclusive, original jurisdiction to regulate the marketing of motor vehicles as provided by statute,[4] and to that end the Legislature has given the Board broad powers.[5]

In 1996, the Board instituted proceedings before itself to impose civil penalties and other sanctions against a car dealer in Fairfield, Bossier Chrysler–Dodge II, Inc., d/b/a Bossier Country, its principal, Scott Bossier, and its general manager, Randy Pretzer, for "engaging in a continuing policy, practice, and pattern of widespread and ongoing fraudulent schemes directed at both purchasers and creditors" dating back to 1991. After a ten-day hearing at which forty witnesses testified, the administrative law judge issued an eighty-nine-page proposal for decision containing extensive fact findings which revealed the following. At Bossier Country, dealer rebates and promissory notes were routinely shown on credit applications as cash down payments. Sometimes cash down payment amounts were simply falsified. Customers were instructed to sign incomplete credit applications, their information having been taken down on sticky notes rather than on the applications themselves, and later the applications were changed unbeknownst to the customers. Customers' incomes were overstated, their paycheck stubs altered, and their employment falsified. Customers' signatures were forged, and customers were instructed to forge others' signatures. Signed documents were altered. Prices were raised as a condition of obtaining financing. Customers were told that their financing had not been approved but their trade-in vehicle had been sold, and were forced to return the new car, pay additional money, or buy a less expensive car. All of this conduct, referred to as "buy or die" sales tactics,[6] was commonplace at Bossier Country.

Based on these findings, the Board concluded that Bossier Country, Bossier, and Pretzer had violated what were then sections 4.06(a)(5) and (6) of the Motor Vehicle Commission Code,[7] section 17.46 of the Texas Deceptive Trade Practices–Consumer Protection Act,[8] and what were then articles 5069–7.02(1) and (6) of the Texas Consumer Credit Code related to motor vehicle installment sales.[9] The Board im-

without substantive change with other provisions of the Texas Motor Vehicle Commission Code by Act of May 22, 2001, 77th Leg., R.S., ch. 1421, §§ 5, 13, 2001 Tex. Gen. Laws 4570, 5020. For text of former section, see Act of May 22, 1997, 75th Leg., R.S., ch. 639, § 3, 1997 Tex. Gen. Laws 2185, 2188.

3. *Id.* § 2301.051(a), formerly TEX. REV. CIV. STAT. ANN. art. 4413(36), § 2.02(a). For text of former section, see Act of May 22, 1997, 75th Leg., R.S., ch. 639, § 3, 1997 Tex. Gen. Laws 2185, 2188.

4. *Id.* § 2301.151(a), formerly TEX. REV. CIV. STAT. ANN. art. 4413(36), § 3.01(a). For text of former section, see Act of May 22, 1997, 75th Leg., R.S., ch. 639, § 11, 1997 Tex. Gen. Laws 2185, 2191.

5. *Id.* §§ 2301.151(b), 2301.152, formerly TEX. REV. CIV. STAT. ANN. art. 4413(36),

§ 3.01(a), 3.02(a). For text of former § 3.01(a), see Act of May 22, 1997, 75th Leg., R.S., ch. 639, § 11, 1997 Tex. Gen. Laws 2185, 2191, and for text of former § 3.02(a), see Act of May 19, 1995, 74th Leg., R.S., ch. 357, § 5, 1995 Tex. Gen. Laws 2887, 2890.

6. 125 S.W.3d at 28.

7. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 4.06(a)(5)-(6). For text of former section, see Act of May 22, 1997, 75th Leg., R.S., ch. 639, § 26, 1997 Tex. Gen. Laws 2185, 2196. *See now* TEX. OCC. CODE § 2301.651(a)(4), (6).

8. TEX. BUS. & COM. CODE § 17.46.

9. Former TEX. REV. CIV. STAT. ANN. art. 5069–7.02(1), (6), *repealed and recodified by* Act of May 24, 1997, 75th Leg., R.S., ch.

posed civil penalties on Bossier Country, Bossier, and Pretzer of $150,000, $5,000, and $25,000, respectively, and ordered them to cease and desist further statutory violations. The Board also restricted Pretzer's future involvement in marketing motor vehicles.

On appeal, the district court concluded that the Board had no jurisdiction over some of the violations for which it had imposed sanctions and therefore remanded the case for the Board to reconsider the amounts of the civil penalties.[10] The court of appeals concluded that the Board's jurisdiction over some of the violations was even further limited,[11] and that the Board lacked the power to restrict Pretzer's future employment.[12] The appeals court agreed that the case should be remanded to the Board.[13] The lower courts rejected the appellants' numerous other arguments.

Only Bossier Country, Bossier, and Pretzer petitioned this Court for review.

We requested a response but denied the petition without requesting full briefing.[14] On petitioners' motion for rehearing, however, we requested full briefing.

■ Bossier and Pretzer argue that the Board lacked authority to sanction them individually. We agree. When the Board issued its decision in this case, its authority to assess civil penalties was found in section 6.01 of the Motor Vehicle Commission Code, which stated in pertinent part:

> In the event the Commission [that is, the Board [15]] determines, after a proceeding conducted in accordance with this Act [that is, the Motor Vehicle Commission Code [16]] and the rules of the Commission, that any person is violating or has violated any provision of this Act, any rule or order of the Commission issued pursuant to this Act, or Section 503.038(a), Transportation Code, the Commission may levy a civil penalty not to exceed $10,000 for each day of violation and for each act of violation.[17]

1008, § 6(a), 1997 Tex. Gen. Laws 3091, 3602, as TEX. FIN. CODE §§ 348.009, .101, .102. For text of former section, see Act of May 15, 1979, 66th Leg., R.S., ch. 672, § 42, 1979 Tex. Gen. Laws 1556, 1587–88.

10. See 125 S.W.3d at 27–28.

11. Id. at 35.

12. Id. at 32.

13. Id. at 27–28, 41.

14. 46 Tex. Sup.Ct. J. 1060 (Aug. 28, 2003).

15. Act of May 22, 1997, 75th Leg., R.S., ch. 639, 1997 Tex. Gen. Laws 2185, 2188 (substituting "Board" for "Commission" in various provisions, and, at § 2, amending former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 2.01(b), to provide that a "reference in this Act to the 'commission' or the Texas Motor Vehicle Commission means the board." See now TEX. OCC. CODE § 2301.005(a) ("A reference in law, including a rule, to the Texas Motor Vehicle Commission means the board.").

16. Act of Mar. 30, 1971, 62d Leg., R.S., ch. 51, § 1, 1971 Tex. Gen. Laws 89, 89, adopting former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 1.01 ("This Act may be cited as the Texas Motor Vehicle Commission Code."). See now TEX. OCC. CODE § 2301.005(c) ("A reference in law, including a rule, to the Texas Motor Vehicle Commission Code means this Chapter.").

17. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 6.01(a). For text of former section, see Act of May 26, 1997, 75th Leg., R.S., ch. 871, § 10, 1997 Tex. Gen. Laws 2788, 2790. See now TEX. OCC. CODE § 2301.801(a) ("If, after a proceeding under this chapter and board rules, the board determines that a person is violating or has violated this chapter, a rule adopted or order issued under this chapter, or Section 503.038(a), Transportation Code, the board may impose a civil penalty. The amount of the penalty may not exceed $10,000 for each violation.").

The Board's authority to issue cease and desist orders was found in section 6.01A(a), which stated in pertinent part:

> If it appears to the Commission at any time that a person is violating the provisions of this Act or any rule or order of the Commission issued pursuant to this Act it may notify the person engaged in such conduct to appear and show cause why a cease and desist order should not be issued prohibiting the proscribed conduct.[18]

The only violations within sections 6.01 and 6.01A—that is, of a provision of the Act, a Board rule or order, or section 503.038(a)—found by the Board to have been committed by Bossier and Pretzer were violations of sections 4.06(a)(5) and (6). The Board did not find that Bossier or Pretzer violated any other provision of the Act, any Board rule or order, or section 503.038(a) of the Transportation Code. The DTPA and Credit Code violations found by the Board were among those for which the Board could impose sanctions under sections 6.01 and 6.01A, as allowed by sections 4.06(a)(5) and (6), which stated:

> The [board] may deny an application for a license, revoke or suspend an outstanding license, or place on probation a person whose license has been suspended, or reprimand a licensee, for any of the following reasons:

> * * *

> (5) Willfully defrauding any retail buyer.

> (6) Violation of any law relating to the sale, distribution, financing, or insuring of new motor vehicles.[19]

The DTPA and Credit Code are laws "relating to the sale, distribution, financing or insuring of new vehicles", but sections 4.06(a)(5)and(6) expressly apply only to licensees and applicants. Bossier and Pretzer were neither. Thus, they could not have violated section 4.06(a), and consequently, the Board failed to cite a valid basis for sanctioning Bossier and Pretzer.

The Board argues, and the court of appeals agreed, that its authority under sections 6.01 and 6.01A extends to "persons", who are not limited to licensees and applicants,[20] and that other provisions of the Act, read together, provide the Board a basis for sanctioning persons who are not licensees or applicants. Specifically, the Board, or the Court of Appeals, cite the following provisions:

- § 1.02: "It is the policy of this State and the purpose of this Act to exercise the

---

18. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 6.01A(a). For text of former section, see Act of May 18, 1989, 71st Leg., R.S., ch. 1130, § 28, 1989 Tex. Gen. Laws 4653, 4670. *See now* TEX. OCC. CODE § 2301.802(a) ("If it appears to the board that a person is violating this chapter or a board rule or order, the board after notice may require the person engaged in the conduct to appear and show cause why a cease and desist order should not be issued prohibiting the conduct described in the notice.").

19. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 4.06(a)(5)-(6). For text of former section, see Act of May 25, 1991, 72d Leg., R.S., ch. 501, § 17, 1991 Tex. Gen. Laws 1749, 1755. *See now* TEX. OCC. CODE

§ 2301.651(a)(4), (6) ("The board may deny an application for a license, revoke or suspend a license, place on probation a person whose license has been suspended, or reprimand a license holder if the applicant or license holder . . . (4) violates any law relating to the sale, distribution, financing, or insuring of motor vehicles; . . . (6) wilfully defrauds a retail purchaser. . . .").

20. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 1.03(3). For text of former section, see Act of May 25, 1991, 72d Leg., R.S., ch. 501, § 1, 1991 Tex. Gen. Laws 1749, 1749 (" 'Person' means a natural person, partnership, corporation, association, trust, estate, or any other legal entity."). *See now* TEX. OCC. CODE § 2301.002(27) (same).

State's police power to insure a sound system of distributing and selling new motor vehicles through licensing and regulating manufacturers, distributors, converters, and dealers of those vehicles, and enforcing this Act as to other persons, in order to provide for compliance with manufacturer's warranties, and to prevent frauds, unfair practices, discriminations, impositions, and other abuses of our citizens." [21]

- § 1.04: "This Act shall be liberally construed so as to effectuate its purposes." [22]
- § 3.01(a): "The [board has] ... the general and original power and jurisdiction to regulate all aspects of the distribution, sale, and leasing of new motor vehicles and to do all things, whether specifically designated in this Act or implied herein, or necessary or convenient to the exercise of this power and jurisdiction, in-

cluding the original jurisdiction to determine questions of its own jurisdiction." [23]

- § 3.01(b): "Unless otherwise specifically provided by Texas law not in conflict with the terms of this Act, all aspects of the distribution and sale of new motor vehicles shall be governed exclusively by the provisions of this Act." [24]
- § 3.02(a): "The [board] shall, in accordance with this Act, administer the provisions of this Act, establish the qualifications of manufacturers, distributors, converters, and dealers [licensees], ensure that the distribution, sale, and leasing of motor vehicles is conducted as provided herein and under the [board's] rules, provide for compliance with warranties, and otherwise prevent fraud, unfair practices, discriminations, impositions, and other abuses in connection with the distribution and sale of new motor vehicles." [25]

21. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 1.02. For text of former section, see Act of May 20, 1987, 70th Leg., R.S., ch. 357, § 1, 1987 Tex. Gen. Laws 1781, 1781–82). *See now* TEX. OCC. CODE § 2301.001 ("This chapter shall be liberally construed to accomplish its purposes, including the exercise of the state's police power to ensure a sound system of distributing and selling motor vehicles through: (1) licensing and regulating manufacturers, distributors, converters, and dealers of motor vehicles; and (2) enforcing this chapter as to other persons to provide for compliance with manufacturer's warranties and to prevent fraud, unfair practices, discrimination, impositions, or other abuse of the people of this state.").

22. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 1.04. For text of former section, see Act of May 18, 1989, 71st Leg., R.S., ch. 1130, § 2, 1989 Tex. Gen. Laws 4653, 4655. *See now* TEX. OCC. CODE § 2301.001.

23. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 3.01(a). For text of former sections, see Act of May 18, 1989, 71st Leg., R.S., ch. 1130, § 9, 1989 Tex. Gen. Laws 4653, 4657–58. *See now* TEX. OCC. CODE § 2301.151((a) The board has the exclusive

original jurisdiction to regulate those aspects of the distribution, sale, or lease of motor vehicles that are governed by this chapter, including the original jurisdiction to determine its own jurisdiction. (b) The board may take any action that is specifically designated or implied under this chapter or that is necessary or convenient to the exercise of the power and jurisdiction granted under Subsection (a).").

24. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 3.01(b). For text of former section, see Act of May 18, 1989, 71st Leg., R.S., ch. 1130, § 9, 1989 Tex. Gen. Laws 4653, 4658. *See now* TEX. OCC. CODE § 2301.004 ("Unless otherwise specifically provided by law not in conflict with this chapter, all aspects of the distribution and sale of motor vehicles are governed exclusively by this chapter.").

25. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 3.02(a). For text of former section, see Act of May 25, 1991, 72d Leg., R.S., ch. 501, § 11, 1991 Tex. Gen. Laws 1749, 1754. *See now* TEX. OCC. CODE § 2301.152(a) ("In accordance with this chapter, the board shall: (1) administer this

• § 3.03(a): "The [board] shall have and may, in its discretion and notwithstanding any other provision of law that is inconsistent with this Act, exercise the powers set forth in this Act, and shall have all other powers necessary, incidental, or convenient to carry out its duties and effectuate its express powers and duties. These powers and duties include the power to ... prohibit and regulate acts and practices in connection with the distribution and sale of new motor vehicles and warranty performance obligations, issue cease and desist orders in the nature of temporary and permanent injunctions, and levy civil penalties." [26]

We need not decide whether the Board's authority under these provisions would have allowed it to sanction Bossier and Pretzer for violating some part of the Act other than section 4.06(a) because the Board never alleged and did not find any such violation. The Board was authorized by the Legislature to levy civil penalties and issue cease and desist orders for violations of the Act or a Board rule or order. The Board could not enlarge that grant of authority.[27] The only such violations found by the Board were of a statute that plainly does not apply to someone who is neither a licensee nor an applicant. We are mindful of the rule that "[a] reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis for the action taken by the agency." [28] But this rule does not permit us to find violations in the first instance. The "action taken by the agency" was to sanction Bossier and Pretzer for violating a statute that did not apply to them. There is no valid basis for that.

■ The Board argues that after it sanctioned violations of section 4.06(a) by persons who were not licensees or applicants in the past, the Legislature amended the statute, thus acquiescing in its exercise

chapter; (2) establish the qualifications of license holders; (3) ensure that the distribution, sale, and lease of motor vehicles is conducted as required by this chapter and board rules; (4) provide for compliance with warranties; and (5) prevent fraud, unfair practices, discrimination, impositions, and other abuses in connection with the distribution and sale of motor vehicles.").

26. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 3.02(a). For text of former section, see Act of April 19, 1993, 73d Leg., R.S., ch. 61, § 4, 1993 Tex. Gen. Laws 136, 138. *See now* TEX. OCC. CODE § 2301.153(a) ("Notwithstanding any other provision of law, the board has all powers necessary, incidental, or convenient to perform a power or duty expressly granted under this chapter, including the power to: ... (17) prohibit and regulate acts and practices in connection with the distribution and sale of motor vehicles or warranty performance obligations; (18) issue cease and desist orders in the nature of temporary or permanent injunctions; (19) impose a civil penalty....").

27. *Harrington v. R.R. Comm'n*, 375 S.W.2d 892, 895 (Tex.1964) ("The sanctions and penalties thus expressly provided by the Legislature [to an agency] are exclusive, and the [agency] has no power to impose different or additional sanctions or penalties of its own devising.").

28. *Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452–453 (Tex.1984); *accord Railroad Comm'n v. City of Austin*, 524 S.W.2d 262, 279 (Tex.1975) ("The courts are not bound by the reasons given by Boards or Commissions in their orders, or by any particular ground made the basis of their rulings, provided there is a valid basis for what they do."); *Railroad Comm'n v. Magnolia Petroleum, Co.*, 130 Tex. 484, 109 S.W.2d 967, 971 (1937) ("It is no longer an open question that such order or ruling may be supported upon a ground different from that recited in the order, which of course is but another way of stating that courts are not bound by the reasons given by the Railroad Commission, nor by any particular ground made the basis of its ruling, provided, of course, another valid basis is shown for same.").

of authority. The Board also insists that we defer to its construction and application of the statute. But neither legislative ratification nor judicial deference to an administrative interpretation can work a contradiction of plain statutory language.[29] The Board urges that if it is not authorized to sanction persons who are not licensees or applicants, fraudulent conduct like that in this case will go unpunished. We do not, as we have said, address whether the Board *could* impose sanctions for violations other than of section 4.06(a). We note, however, that there are other enforcement mechanisms available. Under section 4.06(a)(7), the Board could sanction the dealer for its employees' conduct, as it did in this case, for:

> Any act or omission by an officer, director, partner, trustee, or other person acting in a representative capacity for a licensee, which act or omission would be cause for denying, revoking or suspending a license to an individual licensee.[30]

And of course, conduct like that engaged in by Bossier and Pretzer could result in civil liability and criminal prosecution.

Petitioners have raised a number of other issues, all of which were thoroughly addressed, and we think correctly resolved, by the court of appeals.

Accordingly, we grant the motion for rehearing, withdraw our order denying the petition for review, grant the petition, and without hearing oral argument,[31] reverse that part of the court of appeals' judgment upholding the Board's sanctions against Bossier and Pretzer, and affirm that part of the court of appeals' judgment upholding the sanctions against Bossier Country, and remanding the case to the district court, with instructions to remand the case to the Board for further proceedings in accord with this opinion.

---

29. *See FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 883 (Tex.2000) ("Although we defer to administrative interpretations of legislation, we do so only when they are reasonable interpretations.").

30. Former TEX. REV. CIV. STAT. ANN. art. 4413(36), § 4.06(a)(7). For text of former section, see Act of May 25, 1991, 72d Leg., R.S., ch. 501, § 17, 1991 Tex. Gen. Laws 1749, 1755. *See now* TEX. OCC. CODE § 2301.651(b) ("The board may take action under Subsection (a) against an applicant or license holder for an act or omission by an officer, director, partner, trustee, or other person acting in a representative capacity for the applicant or license holder that would be cause for denying, revoking, or suspending a license under this chapter.").

31. TEX. R. APP. P. 59.1.