April 2, 2008

The Honorable Joe Driver
Chair, Committee on Law Enforcement
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0612

Re: Whether a municipality must pay a fire fighter or police officer for an appearance as a witness in a civil service hearing before a hearing examiner when the fire fighter or police officer is subpoenaed in his or her capacity as a fire fighter or police officer and testifies during time off (RQ-0633-GA)

Dear Representative Driver:

You ask whether "a municipality must pay a fire fighter or police officer for an appearance as a witness in a civil service hearing before a hearing examiner when the fire fighter or police officer is subpoenaed in his or her capacity as a fire fighter or police officer and testifies during time off."[1]

In your request letter, you direct us to a specific provision in chapter 142 of the Local Government Code, which provides for certain benefits to municipal officers and employees. *See* TEX. LOC. GOV'T CODE ANN. ch. 142 (Vernon 1999 & Supp. 2007). Under section 142.009, a municipality is required to

> pay a fire fighter or police officer for an appearance as a witness in a *criminal suit or civil suit* in which the municipality or other political subdivision or government agency is a party in interest if the appearance:
>
> (1) is required;
>
> (2) is made on time off; and

---

[1]*See* Letter from Honorable Joe Driver, Chair, Committee on Law Enforcement, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Oct. 2, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

                    (3)   is made by the fire fighter or police officer in the capacity
        of a fire fighter or police officer.

*Id.* § 142.009(a) (Vernon 1999) (emphasis added).

         You also direct us to chapter 143 of the Local Government Code, which provides civil service benefits and protection to fire fighters and police officers in municipalities that have adopted the chapter. *See* Request Letter, *supra* note 1, at 2; *see also* TEX. LOC. GOV'T CODE ANN. ch. 143 (Vernon 1999 & Supp. 2007). Section 143.057 gives fire fighters and police officers an opportunity to appeal certain adverse discipline and promotion decisions to an "independent third party hearing examiner." TEX. LOC. GOV'T CODE ANN. § 143.057(a) (Vernon Supp. 2007).

         Your question is whether the payment under section 142.009(a) is required when the fire fighter's or police officer's appearance as a witness is before the independent third party hearing examiner under section 143.057.[2] Aside from reference to these two chapters of the Local Government Code, you provide no facts or context for your query. *See* Request Letter, *supra* note 1, at 1–2. Thus, without deciding that the fire fighter's or police officer's witness appearance before the hearing officer meets the other requirements of section 142.009, we will focus, as you do in your letter, on the dispositive issue regarding whether the hearing before the independent third party hearing examiner is a civil or criminal "suit." *See* Request Letter, *supra* note 1, at 2.

         The payment in section 142.009(a) is required only when a fire fighter or police officer appears as a witness in a criminal suit or civil suit. *See id.* § 142.009(a) (Vernon 1999) (requiring a municipality to "pay a fire fighter or police officer for an appearance as a witness in a *criminal suit or civil suit*") (emphasis added). Chapter 142 does not define the term "suit." *See* TEX. LOC. GOV'T CODE ANN. § 142.010 (Vernon Supp. 2007) (definitions); *see also id.* § 143.003 (defining terms for chapter 143). And we do not find an appropriate definition elsewhere in the Texas statutes. *See* TEX. FAM. CODE ANN. § 101.031 (Vernon 2002) (defining "suit" to mean "suit affecting the parent-child relationship"). The term is, however, defined by Texas courts. A "suit" is "any proceeding in a court of justice by which an individual pursues that remedy which the law affords him." *Tex. Employers' Ins. Ass'n v. Evans*, 298 S.W. 516, 518 (Tex. 1927); *accord BP Am. Prod. Co., v. Burton*, 127 S.Ct. 638, 643 (2006) (defining "suit" as "any proceeding . . . in a court of justice"); *Hatten v. City of Houston*, 373 S.W.2d 525, 531 (Tex. Civ. App.—Houston 1963, writ ref'd n.r.e.) (*quoting Nat'l Life Co. v. Rice*, 167 S.W.2d 1021 (Tex. 1943)). The courts describe the term "suit" as a comprehensive term involving any proceeding. *See Tex. Employers' Ins. Ass'n*, 298 S.W. at 518

---

[2]Your request focused on the one mandatory provision. *See* Request Letter, *supra* note 1, at 1–2 (asking whether a municipality must pay and providing briefing on only section 142.009, Local Government Code). *See id.* While there are authorizing statutes, and possible authorizing ordinances or charter provisions, that may in certain circumstances permit a municipality to pay a municipal employee for an appearance before a hearing examiner, without facts and context, we cannot opine on the applicability of such authority to any given situation. For instance, a municipality with a population of 1.5 million or more may pay a "municipal employee who is subpoenaed to appear in any appeal of a disciplinary decision [the] applicable pay for the time the employee is required to be present at the hearing." TEX. LOC. GOV'T CODE ANN. § 143.1015(i) (Vernon 1999). Whether section 143.1015(i) applies would, of course, depend on the population of the municipality.

("The word 'suit' is defined . . . to be a comprehensive term."). Despite this comprehensive definition, a proceeding nevertheless must be one in a court of justice. *Tex. Employers' Ins. Ass'n*, 298 S.W. at 518; *accord BP Am. Prod. Co.*, 127 S.Ct. at 643 (2006) (defining "suit" as "any proceeding . . . in a court of justice"); *Hatten*, 373 S.W.2d at 531. This definition of "suit" also comports with other provisions in section 142.009 that contemplate a court. *See* TEX. LOC. GOV'T CODE ANN. § 142.009(c) (Vernon 1999) (providing that in civil suits, payment may be taxed as "court costs").

You proffer a definition of "suit" from the Fifth Circuit Court of Appeals. *See* Request Letter, *supra* note 1, at 2; *see In re Murphy*, 271 F.3d 629, 632–33 (5th Cir. 2001). In the Fifth Circuit's *In re Murphy* opinion, the court discusses what constitutes a "suit" and lists six elements. *See In re Murphy*, 271 F.3d. at 632–33. In that opinion, the court states that

> a suit consists of: (1) an adversarial proceeding, (2) which arises as a result of a deprivation or injury, (3) which involves at least two parties, (4) which compels the attendance of the parties, (5) which asserts and prosecutes a claim against one of the parties, and (6) which demands the restoration of something from the defending party.

*Id.* at 633 (citing *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264 (1821). In *Murphy*, the Fifth Circuit was asked to determine whether a state was entitled to Eleventh Amendment immunity from an adversary "proceeding to determine the dischargability of a debt" under the Bankruptcy Code. *Id.* at 631. The Eleventh Amendment protects states from most suits in law or equity. *See* U.S. CONST. amend. XI (stating that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity"). In *Murphy*, the proceeding regarding the dischargeability of debt was before a bankruptcy court. *See In re Murphy*, 271 F.3d at 631 (noting that Murphy filed for chapter 7 bankruptcy and received a discharge of all his dischargeable debts and that the district court upheld the decision of the bankruptcy court). The Court of Appeals determined that the adversary proceeding before the bankruptcy court did constitute a "suit" for purposes of applying the Eleventh Amendment. *See id.* at 632. While the Court of Appeals did find this adversary "proceeding" to be a suit, it was nonetheless a "suit" conducted before a court. The *Murphy* facts did not involve the question that we have before us involving an administrative body that is not a court. And thus its definition of "suit" does not inform our analysis.

Generally, a proceeding before an administrative body is not a proceeding in court. Administrative bodies are not courts. *See State v. Flag-Redfern Oil Co.*, 852 S.W.2d 480, 485–86 n.7 (Tex. 1993); *see also Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 635 (Tex. 1996). An administrative agency operating under the Administrative Procedure Act and conducting a contested case proceeding exercises a power that is judicial in nature. *See Beyer v. Employees' Ret. Sys.*, 808 S.W.2d 622, 627 (Tex. App.—Austin 1991, writ denied); TEX. GOV'T CODE ANN. ch. 2001 (Vernon 2000 & Supp. 2007) (Administrative Procedure Act). Such an agency often decides "specific controversies between [parties] arising out of the agenc[y's] regulation." *Blount v. Metro. Life Ins. Co.*, 677 S.W.2d 565, 570 (Tex. App.—Austin

1984), *rev'd on other grounds*, 709 S.W.2d 646, 647 (Tex. 1986). And adjudicating agencies generally employ methods and procedures that are similar to those used by courts to adjudicate cases. *See Smith v. Houston Chem. Servs., Inc.*, 872 S.W.2d 252, 274 (Tex. App.—Austin 1994, writ denied); *see also* TEX. GOV'T CODE ANN. §§ 2001.051–.052 (Vernon 2000) (providing for notice and opportunity for hearing); 2001.053 (providing for right to counsel); 2001.059–.060 (providing for transcript and record); 2001.081–.093 (providing for rules of evidence, witnesses and discovery in contested cases); 2001.094–.103 (providing for depositions). Yet, these similarities do not make an administrative agency a court. *Houston Chem. Servs. Inc.*, 872 S.W.2d at 274. An administrative agency's adjudicative power is an exercise of executive branch power. *See Beyer*, 808 S.W.2d at 627; *accord Barshop*, 925 S.W.2d at 635; *Pretzer v. Motor Vehicle Bd.*, 125 S.W.3d 23, 40 (Tex. App.—Austin 2003), *aff'd in part, rev'd in part*, 138 S.W.3d 908 (Tex. 2004). It is not "an exercise of the judicial power assigned to the 'courts' of the State" by the Texas Constitution. *Beyer*, 808 S.W.2d at 627. Instead, as Texas courts consistently recognize, agency adjudications are "simply executive measures taken in the administration of statutory provisions." *Flag-Redfern Oil Co.*, 852 S.W.2d at 485–86 n.7; *Barshop*, 925 S.W.2d at 635 (same); *Pretzer*, 125 S.W.3d at 40 (same), *aff'd in part, rev'd in part*, 138 S.W.3d 908 (Tex. 2004); *Beyer*, 808 S.W.2d at 627 (same).

Much like an executive-branch administrative agency, a civil service commission has power that is judicial in nature. *See* TEX. LOC. GOV'T CODE ANN. § 143.010(d) (Vernon 1999) ("The commission may issue subpoenas and subpoenas duces tecum for the attendance of witnesses and for the production of documentary material."), 143.010 (f) ("Witnesses may be placed under the rule at the commission hearing."), 143.010(g) (limiting commission to consideration of only "evidence submitted at the hearing"). But a civil service commission is still an administrative body. *Stauffer v. City of San Antonio*, 344 S.W.2d 158, 160 (Tex. 1961); *Glass v. Smith*, 244 S.W.2d 645, 652 (Tex. 1951). Because a civil service commission is an administrative body, it is not a court. And because a civil service commission is not a court, any proceeding before it is not in a court of justice and, therefore, not a "suit." A hearing before the independent third party hearing examiner under chapter 143 is not a civil suit as contemplated by section 142.009(a). *Cf. Tex. Employeers' Ins. Assn. v. Sewell*, 32 S.W.2d 262, 264 (Tex. Civ. App.—Waco 1930, writ ref'd) ("The Industrial Accident Board is an administrative body, authorized by statute to exercise certain powers quasi judicial in their nature. Nevertheless, it is not a court . . . ."); *Tex. Liquor Control Bd. v. Jones*, 112 S.W.2d 227, 229 (Tex. Civ. App.—Texarkana 1937, no writ) ("The cancellation of a permit to sell liquor under the Liquor Control Act . . . is not a civil suit or cause of action.").

For these reasons, we conclude that section 142.009(a) of the Local Government Code does not require a municipality to pay a fire fighter or police officer for an appearance as a witness in a civil service hearing before a hearing examiner when the fire fighter or police officer is subpoenaed in his or her capacity as a fire fighter or police officer and testifies during time off.[3]

---

[3]Of course, section 142.009(a) is always subject to amendment by the Legislature.

In connection with your question, we received briefing that suggests a court of appeals would construe the term "suit" in section 142.009 to include an administrative hearing.[4] The Combined Law Enforcement Associations of Texas ("CLEAT") writes to inform us about the holding in *Harris County Bail Bond Board v. Burns*. *See* CLEAT Brief, *supra* note 3, at 4; *see also Harris County Bail Bond Bd. v. Burns*, 790 S.W.2d 862 (Tex. App.—Houston [14th Dist.] 1990, writ denied). In the case, Burns was before the bail bond board on a bail bond license revocation proceeding. *See Burns*, 790 S.W.2d at 862. Burns received legal counsel from successive members of the Texas Legislature who each sought continuances from the license revocation proceedings under section 30.003(a), Civil Practice and Remedies Code. *See id.* at 863. Section 30.003(a) authorizes a legislative continuance in "any criminal or civil suit." TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(a) (Vernon Supp. 2007). On the bail bond board's refusal to grant the continuance to Burns's last counsel and its revocation of his license, Burns asked the district court to compel the bail bond board to vacate its orders. *See Burns*, 790 S.W.2d at 863. The bail bond board argued that section 30.003(a) did not apply to administrative hearings. *See id.* at 864. The district court disagreed and granted Burns's writ of mandamus. *See id.* The court of appeals in *Burns* upheld the district court noting that the bail bond board possessed judicial power and employed judicial procedures in its proceedings. *See id.* Based on its determination that the bail bond board proceeding was adjudicatory in nature and without examining the meaning of the term "suit," the court held that section 30.003(a) did apply to the bail bond board's administrative hearing. *See id.* at 864.

Contrary to the *Burns* decision, an Austin court of appeals case, *Smith v. Houston Chemical Services, Inc.*, did analyze the meaning of the term "suit" in connection with section 30.003(a). *See Houston Chem. Servs., Inc.*, 872 S.W.2d at 274. The Austin Court of Appeals expressly considered whether the language in section 30.003(a) included a contested case proceeding before the Texas Water Commission. *See id.* at 274; *see also* TEX. GOV'T CODE ANN. § 2001.176 (Vernon 2000) (mandating that any petition seeking judicial review of an agency action be filed in a Travis County district court). After an examination of the meaning of the language "applies to any criminal or civil *suit*," the court of appeals determined that section 30.003(a) did not. *See Houston Chem. Servs., Inc.* at 274 (emphasis added). The court stated the language of section 30.003(a) applied to a "judicial proceeding in a 'court'" and that the Texas Water Commission was "not a court." *Id.*

The CLEAT Brief argues that because of the holding in *Burns*, the term "civil suit" in section 142.009(a) should be construed to include hearings before an administrative body. *See* CLEAT Brief, *supra* note 2, at 5. As we noted previously, while the *Burns* opinion did hold that section 30.003(a) applied in a bail bond board's administrative proceeding, the court's holding was not based on any analysis of the term "suit" in section 30.003(a). *See Burns*, 790 S.W.2d at 864. On the other hand, the holding in *Houston Chemical Services, Inc.* is in accord with established precedent regarding the nature of proceedings before administrative bodies and it directly analyzed the meaning of the term "suit." Accordingly, we believe *Houston Chemical Services, Inc.*, not *Burns*, serves as the guiding authority here. And our conclusion that a civil service hearing before a hearing examiner is not a suit within the scope of section 142.009(a) is consistent with that guiding authority.

---

[4]*See* Letter from Tom A. Stribling, Staff Attorney, Combined Law Enforcement Associations of Texas, to Nancy S. Fuller, Opinion Committee Chair, at 4–5 (Nov. 12, 2007) (on file with the Opinion Committee) [hereinafter CLEAT Brief].

## S U M M A R Y

Under section 142.009 of the Local Government Code, a municipality is required to "pay a fire fighter or police officer for an appearance as a witness in a criminal or civil suit in which the municipality or political subdivision or government agency is a party in interest if the appearance: (1) is required; (2) is made on time off; and, (3) is made by the fire fighter or police officer in the capacity of a fire fighter or police officer." In section 142.009, the Legislature did not provide, however, that a municipality is required to pay a fire fighter or police officer for an appearance as a witness in a civil service hearing before a hearing examiner when the fire fighter or police officer is subpoenaed in his or her capacity as a fire fighter or police officer and testifies during time off.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee