## BROOKS v. SMITH.

Court of Appeals of Kentucky.

June 23, 1954.

Logan E. Patterson, James S. Wilson, Logan and Patterson, Pineville, for appellant.

K. H. Tuggle, Barbourville, Julian H. Golden, Pineville, A. E. Cornett, Hyden, for appellee.

WADDILL, Commissioner.

Dr. J. H. Brooks appeals from a judgment against him in the sum of $9,000, rendered in favor of Ida A. Smith as damages for breach of contract. The question which determines our disposition of this appeal is whether or not a written instrument, agreed to and signed by the parties, constitutes a valid and enforceable contract.

The alleged contract reads in pertinent part as follows:

" 'This indenture, made this 17th day of November, 1950, between Ida A. Smith of Pineville, Kentucky, hereinafter referred to as the lessor of the first part and Dr. J. H. Brooks, doing business as the Cumberland Pure Oil Co., of Middlesboro, Kentucky, hereinafter referred to as the lessee, of second part.

" 'Witnesseth: That the lessor of the first part does hereby lease, contract, and demise

unto the lessee of the second part, for a period of ten (10) years, to begin upon the date the service station, hereinafter referred to is completed, the following described property: (Description omitted)

" 'III. Lessor of the [first] part agrees to mortgage to the Pure Oil Company the above described premises for and in consideration of the [lessee] warranting that the Pure Oil Company will lend the lessor of the first part enough monies to construct a service station to cost approximately Twelve Thousand Dollars ($12,000) to Fourteen Thousand Dollars ($14,000), according to specifications to be agreed to by and between the parties hereto, said specifications to be attached to and become a part of this indenture binding upon the parties hereto. * * *' "

About four months after the written instrument was executed, Dr. Brooks informed Mrs. Smith to the effect that he did not consider himself bound by their tentative agreement. Mrs. Smith thereupon brought this suit for breach of contract.

■■ In the writing before us, the subject matter of the negotiations between appellant and appellee was the construction and leasing of a building to be used as a filling station. This structure was to be built on appellee's land and was to become her property but was to be occupied by appellant for 10 years with an option to renew. The lease was not to begin until the building was completed. The parties were in agreement with regard to nearly all of the incidental matters concerning this contemplated relationship. However, the face of the written instrument shows that the parties had not yet agreed on the specifications of the filling station building, nor was any agreement concerning the specifications ever attached to the alleged contract. The term "specifications" as used in a building contract, ordinarily means a detailed and particular account of the structure to be built, including the manner of its construction and the materials to be used. Baltimore & O. R. Co. v. Stewart, 79 Md. 487, 29 A. 964; State ex rel. Silver v. Kendall, 15 Neb. 262, 18 N.W. 85. We are of

the opinion that these specifications were an essential element of any complete agreement between Mrs. Smith and Dr. Brooks. It is fairly obvious that they might never have been able to agree upon the type of structure to be built. Since the parties had not yet agreed on all the essential terms, they had not entered into a binding contract.

■ Negotiations between parties, although reduced to writing containing mutual expressions of agreement, may have the form of a contract without having the intended legal effect. As long as there is an essential term yet to be agreed on, there is no contract. Corbin on Contracts, Vol. 1, p. 66, Sec. 29. An agreement which on its face leaves some essential term to future negotiation is incapable of enforcement for want of certainty. Slayter v. Pasley, 199 Or. 616, 264 P.2d 444.

■ While there was some evidence introduced on behalf of Mrs. Smith to the effect that she and Dr. Brooks agreed that the building was to be white and that it was to be similar to a certain service station in Middlesboro, this proof, taken as true, did not constitute the agreement on specifications required to complete the contract between the parties.

Judgment reversed.