**CONDOVEST CORPORATION,**
Appellant,

v.

**JOHN STREET BUILDERS,
INC., Appellee.**

No. 13560.

Court of Appeals of Texas,
Austin.

Nov. 30, 1983.

this suit against contractor-seller, John Street Builders, Inc., for specific performance and, alternatively, for damages for an alleged breach of contract. The trial court severed appellant's cause of action for specific performance from the suit for damages and granted a summary judgment in favor of appellee.

Appellant argues two points of error: (1) the trial court erred in granting summary judgment because the contracts were not so vague as not to be specifically enforceable; and (2) the trial court erred in denying appellant's motion to continue the hearing on summary judgment. This Court will overrule both points and affirm the judgment of the trial court.

The contracts upon which this suit is based were executed by appellant on July 22, 1980 and by appellee on August 6, 1980. Paragraph 7 of the contracts provides for financing. The appellant agreed "to use his utmost diligence and good faith" to secure an 80% conventional, FHA or VA loan to cover the permanent financing on the property.

Paragraph 3 of the contracts provides that "[f]inal plans and specs [are] to be agreed upon," although both parties did agree to a few changes which were set out in an addendum to the contracts. On January 5, 1981, appellee advised appellant that the contracts were "void" for failure of appellant to obtain the loan commitment. On February 6, 1981, appellant tendered to appellee $12,000 as a "progress payment"; that is, a payment which was to be made "at [the] time [the] slab is poured." Other "progress payments" were to be made as the buildings neared completion. Upon appellee's refusal to accept the tender, this suit followed.

James M. Steed, Austin, for appellant.

Peter R. Meeker, Milner & Smith, P.C., Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

Appellant Condovest Corporation appeals a summary judgment denying it specific performance of six contracts for the construction and purchase of condominiums in Austin. Appellant, as purchaser, instituted

■ Appellee moved for summary judgment on a number of grounds. The trial court's order granting partial summary judgment does not specify the ground relied upon for its ruling. Therefore, if summary judgment can be sustained upon any theory advocated by appellee, it will be. Stated another way, in order for appellant to pre-

vail on this point of error on appeal, it must establish that none of appellee's arguments in favor of summary judgment are valid. We need only address one of appellee's theories.

■ In deciding appellant's first point, we need only determine whether as a matter of law the contracts are sufficiently certain as to be specifically enforceable. After reviewing the record, we conclude the contracts of sale are not sufficiently certain as to be specifically enforceable. In determining whether a contract can be enforced by specific performance, the standard for determination is one of reasonable certainty. *Langley v. Norris,* 141 Tex. 405, 173 S.W.2d 454 (1943). This rule, however, is modified in *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150 (1945), wherein the Texas Supreme Court stated:

> [I]t is well settled that before a court will decree the specific performance of a contract for the sale of land, or entertain a suit for damages for the breach thereof, the written agreement or memorandum required by the statute must contain the essential terms of a contract, expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties. *Id.* 188 S.W.2d at 152.

Additionally, the Court of Civil Appeals in *Nash v. Conatser,* 410 S.W.2d 512 (Tex.Civ. App.1966, no writ), stated:

> The right to the remedy [of specific performance] depends upon certain conditions: (a) *The contract must be reasonably certain,* unambiguous and based upon valuable consideration; (b) it must be fair in all its parts, free from misrepresentation, misapprehension, fraud, mistake, imposition or surprise; (c) the situation of the parties must be such that specific performance will not be harsh or oppressive; and (d) the one seeking the remedy must come into court with clean hands. *Id.* at 519 (emphasis added).

■ In equity, there can be no specific performance of a contract which leaves material provisions to be agreed to later. *Nash v. Conatser, supra,* at 520. In the case at bar, the parties agreed, in paragraph 3 of the contracts, to set out the building specifications at a later date. This is a major provision considering the buildings are the only subject of the contracts.

"Specifications" has been defined as "not only the dimensions and mode of construction, but a description of every piece of material—its kind, length, breadth, and thickness—and the manner of joining the separate parts together." *Superior Incinerator Co. of Texas v. Tompkins,* 37 S.W.2d 391, 395–96 (Tex.Civ.App.1931), aff'd, 59 S.W.2d 102 (Tex.Comm.App.1933). *Accord Brooks v. Smith,* 269 S.W.2d 259 (Ky.1954) wherein the Court of Appeals stated: "The term 'specifications' as used in a building contract, ordinarily means a detailed and particular account of the structure to be built, including the manner of its construction and the materials to be used." *Id.* at 260. The record in the case at bar reveals that the building specifications were not sufficient to order specific performance. The contracts between the parties state that the specifications were to be agreed to at a later date. Appellant's first point is overruled.

■ Appellant's second point complains that the trial court erroneously denied appellant's continuance requested pursuant to Tex.Rev.Civ.Stat.Ann. art. 2168a (Supp. 1982) and Tex.R.Civ.P. 254, the legislative continuance. Third co-counsel O.H. Harris, a member of the Texas Legislature, was added as attorney of record by a motion to add counsel. This motion to add counsel was filed at 4:28 p.m. on June 4, 1981, eleven days before the summary judgment hearing was set. Mr. Harris made no appearance at the continuance hearing or the summary judgment hearing, both of which were held before the Legislature convened in special session. He apparently did not participate in this appeal either since he did not sign any of the briefs filed with this Court. The only instruments upon which his signature appears are his motion to add counsel and his affidavit in support of the motion for continuance.

A hearing on the motion for continuance was held June 11, 1981 at which time the district court denied appellant's motion to continue. Uncontroverted testimony from Eric Yerkovich established that he had entered into a contract for sale of two of the units with the appellee. He further stated that he had a permanent loan commitment "that will run out June 24th [1981]."

Appellee argues that if the court had granted the continuance it would have been a "denial of its right to due process of law" because it would "abridge its substantial existing right to convey title to the real property involved [in this suit]." We agree.

There are two exceptions to the mandatory legislative continuance. The first exception is set out in art. 2168a(1) and Tex.R. Civ.P. 254 giving the trial judge discretion to grant a continuance if the attorney-legislator is "employed within 10 days of the date such suit is set for trial." The second exception, promulgated by the Supreme Court of Texas in *Waites v. Sondock,* 561 S.W.2d 772 (Tex.1977), provides:

> a legislative continuance is mandatory except in those cases in which the party opposing the continuance alleges that a substantial existing right will be defeated or abridged by delay. In cases of this type the trial court has a duty to conduct a hearing on the allegations. If the allegations are shown to be meritorious the court should deny the continuance. *Id.* at 776.

Nowhere in the *Waites* opinion did the Supreme Court limit its holding to the facts of that case. In fact, the Court stated that "Article 2168a effectively withdraws the common law remedy of litigants who, in emergency situations, seek to enforce court decrees and obtain other relief other than by a temporary restraining order." *Id.* at 774.

Appellee stated that it was unable to close on the two units to be sold to Mr. Yerkovich because of the "prayer of Condovest for specific performance of its prior contracts." Mr. Yerkovich, in uncontradicted testimony, stated that he had a loan commitment that was good until June 24, 1981. If the continuance were to have been granted, appellee would not have been able to sell two of its units, thereby losing a sale of about $400,000, clearly a substantial right of the appellee.

The appellant's points of error are overruled and the judgment of the trial court is affirmed.