Opinion issued September 17, 2009














In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00214-CV

____________


MARY ROCHENE RAY, Appellant


V.


RONALD LEE MCMASTER, Appellee






On Appeal from Probate Court No. 4 

Harris County, Texas

Trial Court Cause No. 333,305-401





 

OPINION ON REHEARING

 Appellee, Ronald Lee McMaster, has filed a motion for rehearing and for en
banc reconsideration of our opinion issued on June 18, 2009. We withdraw our
opinion and judgment of June 18, 2009 and substitute this opinion and judgment in
their place. Because we issue a new opinion in connection with the denial of
rehearing, McMaster's motion for en banc reconsideration of our prior opinion is
moot. Richardson-Eagle, Inc. v. William M. Mercer, Inc., 213 S.W.3d 469, 472 (Tex.
App.--Houston [1st Dist.] 2006, pet. denied). 

 Appellant, Mary Rochene Ray, appeals from the trial court's summary
judgment in favor of McMaster. The trial court determined that, as a matter of law,
the 1992 wills of Ernest and Velma Alley were contractual and that McMaster was
the beneficiary. In three issues, Ray contends the trial court erred by determining the
wills were contractual wills. Ray asserts the wills fail to meet the requirements of the
Probate Code in that they do not describe the material provisions of the contract. 
Alternatively, Ray claims the wills fail to meet the two common law requirements for
contractual wills in that the wills grant a fee simple estate and do not provide for a
plan of distribution that treats the estates as one estate. We conclude the wills are not
contractual wills because they fail to meet the requirements of the Probate Code. 
Therefore, after Velma's death, Ernest could properly bequeath his property to Ray
instead of McMaster. We reverse and render judgment in favor of Ray.


Background

 Ernest and Velma Alley, a married couple with no children, executed separate
wills in 1992. Ernest's 1992 will provides,

 1. General Gift. I devise and bequeath all of my property, both real
and personalty, as follows:


 (A) One Hundred percent (100%) to my spouse, VELMA
FRANCES ALLEY, . . . if my spouse survives me;


 (B) If my spouse predeceases me, then equally to "my nephew"
who survives me, per stirpes. At present, for purposes of
this WILL, my nephew is:


 (1) RONALD LEE MC MASTER . . . .


 2. General Gift. If none of the above noted beneficiaries survive
me, then all of my residuary estate shall pass to my heirs.


 . . . . 


 8. Contract With Spouse. I hereby declare that I have an oral and/or
written agreement with my spouse as to the disposition which
may be made of my property, any property taken under this Will
or my spouse's property upon the death of either of us. We have
identical, or legally similar Wills, intending thereby to be
contractually bound.


Velma's will contains identical provisions except she names Ernest as her spouse in
paragraph 1(A). After she died in October 1994, Velma's will was probated. Ernest
took her property under the terms of her will.

 Ernest executed a new will in 1999, revoking his 1992 will. The 1999 will
devised Ernest's estate to Ray, Velma's niece. After Ernest died in 2001, Ray applied
for probate of Ernest's 1999 will. Ray was named executor of Ernest's estate. 
McMaster filed this suit contending that, by making the 1999 will, Ernest breached
the contract he had with Velma because the 1992 will constituted a contract between
Ernest and Velma to bequeath all their property to McMaster. McMaster sought to
set aside the order probating Ernest's 1999 will and to impose a constructive trust in
his favor on Ernest's estate. 

 Ray filed a motion for summary judgment, asserting that, as a matter of law,
the 1992 wills were not contractual and seeking a final summary judgment in her
favor. The trial court denied Ray's motion. Almost two years later, McMaster filed
a motion for partial summary judgment, claiming that the 1992 wills were contractual
as a matter of law. Ray filed a response. The trial court granted McMaster's motion
for summary judgment and severed that portion of the case dealing solely with
whether the 1992 wills were contractual wills. Ray appealed.

Standard of Review

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper only when a movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). In reviewing a
summary judgment, we must indulge every reasonable inference in favor of the
nonmovant, take all evidence favorable to the nonmovant as true, and resolve any
doubts in favor of the nonmovant. Valence Operating Co., 164 S.W.3d at 661.

 When both sides move for summary judgment and the trial court grants one
motion and denies the other, we review the summary judgment evidence presented
by both sides and determine all questions presented. Comm'rs Court v. Agan, 940
S.W.2d 77, 81 (Tex. 1997); Cigna Ins. Co. v. Rubalcada, 960 S.W.2d 408, 411-12
(Tex. App.--Houston [1st Dist.] 1998, no pet.). We render such judgment as the trial
court should have rendered. Agan, 940 S.W.2d at 81; Rubalcada, 960 S.W.2d at 412.

Contractual Wills

 Challenging the trial court's determination that the wills were contractual wills,
Ray claims the wills do not meet the requirements of the Probate Code.

 A. The Probate Code

 Section 59A of the Probate Code, entitled "Contracts Concerning Succession,"
provides,

 (a) A contract to make a will or devise, or not to revoke a will or
devise, if executed or entered into on or after September 1, 1979,
can be established only by:


 (1) provisions of a written agreement that is binding and
enforceable; or


 (2) provisions of a will stating that a contract does exist
and stating the material provisions of the contract.


 (b) The execution of a joint will or reciprocal wills does not by itself
suffice as evidence of the existence of a contract.

 

Tex. Prob. Code Ann. § 59A (Vernon Supp. 2008).

 The dispute here concerns only the second alternative in section 59A(a)(2):
whether there is a provision in the will that states the material provisions of the
contract. See id. § 59A(a)(2). Although the statute does not define "material
provisions," in the context of contracts, courts have said, for example, that specific
performance of a contract is not possible if it "leaves material provisions to be agreed
to later." Condovest Corp. v. John St. Builders, Inc., 662 S.W.2d 138, 140 (Tex.
App.--Austin 1983, no writ). That is, the contract "must be reasonably certain." Id. 
In the context of contractual wills, in determining whether the provisions of the will
state the material terms of the contract, courts have examined the wills for a number
of different factors, including: (1) a statement about the consideration for making the
agreement, (2) a statement that the agreement cannot be changed or varied without
the consent in writing of each person making the will, (3) a reference to section 59A
of the Probate Code, and (4) a specific description of what the contract requires in the
event of the death of the first person making the contractual wills. See Estate of
Hearn v. Hearn, 101 S.W.3d 657, 660-61 (Tex. App.--Houston [1st Dist.] 2003, pet.
denied) (holding language met requirements of Probate Code because will referred
to section 59A and stated specifically what was required in event of first person's
death); (1) Coffman v. Woods, 696 S.W.2d 386, 387 (Tex. App.--Houston [14th Dist.]
1985, writ ref'd n.r.e.) (holding language met requirements of Probate Code because
will had statement about consideration for making agreement and expressly stated
that agreement could not be changed or varied without consent in writing of each
person making will). (2) These factors are illustrative rather than specific, mandatory
requirements. 

 B. Analysis

 In her third issue, Ray contends the trial court erred by granting summary
judgment for McMaster because the 1992 wills do not state the material provisions
of the contract, as required by the Probate Code. McMaster responds, without
supporting authority, that paragraphs 1 and 8 are the material provisions of the
contract and therefore the statutory requirements are met.

 The wills at issue here state,

 I hereby declare that I have an oral and/or written agreement with my
spouse as to the disposition which may be made of my property, any
property taken under this Will or my spouse's property upon the death
of either of us. We have identical, or legally similar Wills, intending
thereby to be contractually bound.


The language in the wills fails to expressly recite the consideration exchanged for the
contract or state the wills could not be changed or revoked without mutual consent. 
See Coffman, 696 S.W.2d at 387. The language in the wills fails to expressly state
the wills are contractual wills under section 59A of the Probate Code. See Hearn,
101 S.W.3d at 660. 

 In considering what the contract requires in the event of the first person's
death, we note that the wills state that in the event of the first person's death, the
surviving spouse is to get "one hundred percent" of the deceased spouse's property. 
See id. Here, Velma died leaving all her estate to Ernest without any limitations or
conditions. Ernest, therefore, took possession of Velma's entire estate for him to
dispose of as he wished. McMaster, however, contends Velma and Ernest agreed that
upon both of their deaths, they would leave all their property to him. The wills,
however, do not say this. Velma's will states that if Ernest predeceased her, then
McMaster would take Velma's property. Specifically, paragraph1(B) states, "If my
spouse predeceases me . . . ." (Emphasis added). But Ernest did not predecease
Velma, so this condition for the transfer of the property never occurred. The only
condition that occurred under this will was that Velma died, leaving all her property,
without condition or limitation, to Ernest for him to dispose of without restriction.

 McMaster contends "a will should be read as a whole to determine whether it
was executed by the parties to carry out a planned disposition of the joint estate of the
survivor." McMaster cites a number of cases to support this proposition. However,
the wills at issue in the cited cases contain express language making it clear a joint
disposition was intended. For example, in Murphy v. Slaton, the will provided, 

 It is our will and desire that the survivor of us . . . shall, with the rights
and authority below given, have all the estate of every description, real,
personal or mixed, which either or both of us may own at our death, to
be used, enjoyed, occupied and conveyed by such survivor for and
during his or her life time, as the case may be, and that upon the death
of such survivor any of such estate then remaining shall be divided
among the persons following and in the following manner . . . . 


273 S.W.2d 588, 590 (Tex. 1954) (emphasis added). The will in Novak v. Stevens
had similar language providing for the surviving spouse to have full use of the estate
but specifically providing for a devise of the remaining estate "upon the death of such
survivor." 596 S.W.2d 848, 851 (Tex. 1980); see also Dougherty v. Humphrey, 424
S.W.2d 617, 619 (Tex. 1968) (devising estate to surviving spouse and devising all
property remaining "upon the death of such survivor" to another beneficiary); Harrell
v. Hickman, 215 S.W.2d 876, 877 (Tex. 1948) (granting estate to surviving spouse
and providing devise of "the remainder of our property" "[a]fter the death of both of
us"). The language in these wills does not indicate an intent to dispose of both estates
as one in furtherance of a contractual agreement.

 Although the wills show the spouses have an agreement to be contractually
bound, that reference is insufficient under section 59A(a)(2) because the will must
state more than the fact that a contract exists; it must state the material provisions of
the contract. See Tex. Prob. Code Ann. § 59A(a)(2). We hold the 1992 wills do not
meet the requirements of the Probate Code providing that a contractual will "can be
established only by . . . stating the material provisions of the contract," in addition to
stating that a contract exists. See id.

 We sustain Ray's third issue. Having determined the wills are not contractual
wills due to their failure to comply with the Probate Code, it is necessary to reverse
the summary judgment that determined the wills were contractual wills. We need not,
therefore, address Ray's alternative arguments in his first and second issues that
assert the wills fail to meet the common law requirements for contractual wills. (3)

Conclusion

 We reverse the judgment of the trial court determining that the 1992 wills of
Ernest and Velma Alley were contractual as a matter of law and render judgment that
the 1992 wills were not contractual as a matter of law.


 

 Elsa Alcala

 Justice


Panel consists of Justices Alcala, Hanks and Wilson. (4)
1. In relevant part, the will in Estate of Hearn v. Hearn states,


 In paragraph D-5 of the Trust Agreement, my husband [and in the case of Vernon's will, "my wife"] and I have contracted that we each will
execute and maintain in force a will which directs our respective
executors to make a marital deduction election under certain
circumstances. In accordance with such agreement, and to evidence
and perfect the same in accordance with Section 59A of the Texas
Probate Code, I hereby direct that if I am the "first deceased trustor"
within the meaning of the Trust Agreement, my executor shall elect in
full Section 2056(b)(7) of the Internal Revenue Code to have all
property passing to the Marital Trust established under Section D of the
Trust Agreement treated as qualified terminable interest property for
federal estate tax marital deduction purposes.


 101 S.W.3d 657, 660 (Tex. App.--Houston [1st Dist.] 2003, pet. denied) (emphasis
added). 
2. In relevant part, the will in Coffman v. Woods states,


 So that no contention may arise concerning the same, when we or either
of us be dead, we do hereby each mutually in consideration of the other
making this will, and of the provisions made herein in each other's
behalf, make this our last will and testament and agree that the same
cannot be changed or varied by either without the consent in writing of
the other. 


 696 S.W.2d 386, 387 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.)
(emphasis added).
3. We note that in McMaster's motion for rehearing and en banc reconsideration of our
June 18, 2009 opinion, McMaster contends that the common law no longer applies. 
We do not reach that argument.
4. The Honorable Davie L. Wilson, retired Justice, First Court of Appeals, participating
by assignment.